JUSTICE TRIEWEILER
delivered the opinion of the Court.
¶ 1 By Information filed in the District Court for the Sixteenth Judicial District in Custer County, the Defendant Rick Bradley Dezeeuw, was charged with aggravated assault in violation of § 45-5-202(1), MCA. Dezeeuw denied guilt; was tried by a jury; and was convicted as charged. Dezeeuw appeals from the District Court’s exclusion of his witnesses, for failure to timely disclose them. We reverse the judgment of the District Court and remand for a new trial.
¶2 The following issues are presented on appeal:
¶3 1. Did the District Court abuse its discretion when, as a sanction for failure to timely disclose witnesses, it precluded Dezeeuw from calling those witnesses at trial?
¶4 2. Did Dezeeuw receive ineffective assistance of counsel?
FACTUAL BACKGROUND
¶5 On May 7,1996, Rick Bradley Dezeeuw was charged by Information with the felony offense of aggravated assault in violation of § 45-5-202(1), MCA. The Information charged that on February 23, 1996, in front of the Drake Lounge in Miles City, Custer County, Montana, Dezeeuw purposely or knowingly caused serious bodily injury to James Bonogofsky, by punching and kicking Bonogofsky repeatedly in the face.
¶6 Ten months later, on March 14,1997, the District Court filed the omnibus hearing order which provided that Dezeeuw had 30 days to provide the State with written notice of his defenses and witnesses. Trial was scheduled for May 20,1997, but continued by stipulation of the parties to January 27, 1998. On September 25, 1997, Dezeeuw filed a notice which substituted David Duke for his original counsel. The trial date was then again continued to March 2, 1998.
¶7 On February 18,1998, Dezeeuw provided the State a list of witnesses he intended to call at trial and a list of exhibits he intended to use at trial. On February 22,1998, Dezeeuw added Bette Nelson, an eyewitness, to his list of witnesses. On February 25,1998, the State *381 filed a motion in limine to exclude Dezeeuw’s witnesses and evidence based on the untimely disclosure of his witness list. On February 27, 1998, the District Court held a telephonic hearing to consider the State’s motion to exclude Dezeeuw’s witnesses and evidence. At that time, Dezeeuw’s attorney agreed that the trial date could be continued due to untimely disclosure and that he personally should be sanctioned for the cost of delay. After listening to the arguments of both counsel, the District Court granted the State’s motion to exclude Dezeeuw’s witnesses and evidence. On March 2, 1998, the District Court filed its order and memorandum setting forth the District Court’s reasons for excluding Dezeeuw’s witnesses and evidence as a sanction for discovery noncompliance pursuant to § 46-15-329, MCA.
¶8 A jury trial was held on March 2 and 3, 1998. The State presented 17 witnesses, including several eyewitnesses to the altercation. Dezeeuw was the only witness permitted to testify for the defense. The jury found Dezeeuw guilty of aggravated assault. Immediately following announcement of the verdict, Dezeeuw requested a new trial on the basis that the court improperly excluded his witnesses at trial. The District Court denied Dezeeuw’s motion for a new trial. Dezeeuw appeals the District Court’s order excluding his witnesses.
STANDARD OF REVIEW
¶9 We review a district court’s imposition of sanctions pursuant to § 46-15-329, MCA, for an abuse of discretion. State v. Haskins (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192.
ISSUE 1
¶10 Did the District Court abuse its discretion when, as a sanction for failure to timely disclose witnesses, it precluded Dezeeuw from calling witnesses at trial?
¶11 Dezeeuw asserts that because the purpose of Montana’s reciprocal discovery is to enhance the search for truth, and the District Court’s exclusion of Dezeeuw’s witnesses did not further that purpose, it was an abuse of discretion. Additionally, Dezeeuw contends that the sanction which excluded Dezeeuw’s witnesses was not commensurate with Dezeeuw’s failure to comply with the District Court’s disclosure order, because the District Court, in deciding upon a sanction, should consider the reason that the disclosure was not made, *382 whether the noncompliance was willful, the amount of prejudice to the other party, and any other relevant circumstances.
¶12 The State contends that Dezeeuw violated § 46-15-323, MCA, which provides:
(2)Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall provide the prosecutor with a written notice of the defendant’s intention to introduce evidence at trial of good character or the defenses of alibi, compulsion, entrapment, justifiable use of force, or mistaken identity.
(6) Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall make available to the prosecutor for testing, examination, or reproduction:
(a) the names, addresses, and statements of all persons, other than the defendant, whom the defendant may call as witnesses in the defense case in chief, together with their statements.
The State further asserts that the District Court’s exclusion of Dezeeuw’s witnesses and evidence was warranted pursuant to § 46-15-329, MCA, as a result of Dezeeuw’s failure to comply with § 46-15-323, MCA. Section 46-15-329, MCA, provides:
If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any of the provisions of this part or any order issued pursuant to this part, the court may impose any sanction that it finds just under the circumstances, including but not limited to:
(1) ordering disclosure of the information not previously disclosed;
(2) granting a continuance;
(3) holding a witness, party, or counsel in contempt for an intentional violation;
(4) precluding a party from calling a witness, offering evidence, or raising a defense not disclosed; or
(5) declaring a mistrial when necessary to prevent a miscarriage of justice.
¶13 In State v. Waters (1987), 228 Mont. 490, 495, 743 P.2d 617, 620, we stated that the purpose of Montana’s discovery scheme is to enhance the search for truth. In addition, we stated:
*383 Consistent with th[at] goal, § 46-15-329, MCA, provides a means of enforcing discovery orders. It endows the district courts with the flexibility to impose sanctions commensurate with the failure to comply with discovery orders. The statute does not mandate automatic exclusion for non-compliance. By its terms, § 46-15-329 provides that “the court may impose any sanction that it finds just under the circumstances.”
Such discretion allows the court to consider the reason why disclosure was not made, whether the noncompliance was willful, the amount of prejudice to the opposing party, and any other relevant circumstances.
Waters, 228 Mont. at 495, 743 P.2d at 621.
¶14 In a recent case, State v. Berg, 1999 MT 282, [296 Mont. 546], 991 P.2d 428, this Court discussed the issue of witness exclusion as a sanction pursuant to § 46-15-329, MCA. In Berg, we stated:
We agree with the District Court that Berg’s witness list was untimely. Nevertheless, we conclude that the District Court’s imposition of the harshest sanction available in this case, the exclusion of Berg’s witnesses, was an abuse of the District Court’s discretion. Our review of the record indicates that Berg’s failure to timely disclose witnesses was not willful and that the State would not have been unduly prejudiced or surprised by Berg’s noncompliance, since the proffered witnesses were known to the State. We agree with the District Court that a sanction was appropriate, however we conclude that under these circumstances, a less severe sanction should have been imposed.
Berg, ¶ 21.
¶15 When considering the statutory sanctions provided in § 46-15-329, MCA, we must also keep in mind the guarantee in Article II, Section 24 of the Montana Constitution, “that in all criminal prosecutions, the accused shall have the right to ... the attendance of witnesses in his behalf ...” and exercise discretion accordingly. In this case, Dezeeuw’s counsel, David Duke, took over the case six months after the date Dezeeuw was required to disclose his witnesses and evidence to the State. There was no evidence that Dezeeuw’s failure to timely disclose his witnesses and evidence was willful. Dezeeuw provided the State with a list of his witnesses and evidence on February 18,1998, less than two weeks prior to trial. However, by February 27, 1998, at the time of the telephonic hearing to consider the State’s mo *384 tion, the State admitted that it had already interviewed all of Dezeeuw’s potential witnesses. Therefore, prejudice to the State from allowing Dezeeuw’s witnesses to testify would have been minimal. Furthermore, the option of continuing the trial date and imposing any related costs of delay as a sanction against Dezeeuw’s attorney was available.
¶16 Accordingly, we conclude that the District Court’s exclusion of Dezeeuw’s witnesses, specifically the exclusion of an eyewitness to the altercation, when Dezeeuw’s only defense was self-defense, hindered the search for truth and therefore was an abuse of the District Court’s discretion, and that a less severe sanction should have been imposed, which would not have denied the jury its fact finding role.
¶17 Section 46-20-701(1), MCA, provides that “[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial.” See also State v. Maier, 1999 MT 51, 293 Mont. 403, 977 P.2d 298.
¶18 We conclude that the exclusion of Dezeeuw’s witnesses was prejudicial. At trial, the State presented 17 different witnesses, several of whom testified that they witnessed the altercation between Dezeeuw and Bonogofsky. Because of the District Court’s order excluding all of Dezeeuw’s witnesses, Dezeeuw himself was the only person allowed to testify as a defense witness. Dezeeuw testified that Bonogofsky was the aggressor and that Dezeeuw was acting in self-defense when he kicked Bonogofsky. Dezeeuw intended to call Bette Nelson as an eyewitness to testify that she saw the beginning of the altercation, and saw Bonogofsky swing at Dezeeuw before Dezeeuw kicked Bonogofsky. In fact, Bette Nelson was allowed to testify at Dezeeuw’s sentencing hearing and testified that:
[Dezeeuw] tried to get away from Bonogofsky, yes. He backed up because Bonogofsky was standing in the shadows of the Drake, and he backed up all the way to the Log Cabin to get away from Bonogofsky swinging at him. Finally he [Dezeeuw] just “bang” “bang.” He [Dezeeuw] was done and Bonogofsky was down on the ground.
¶19 Bette Nelson was an eyewitness to the altercation and would have testified in support of Dezeeuw’s claim that he acted in self-defense. The fact that her testimony may have been inconsistent with that of other eyewitnesses, creates a factual issue that the jury *385 was entitled to consider. We conclude that the District Court abused its discretion by excluding her from testifying as a sanction, and her exclusion was prejudicial. Accordingly, we reverse and remand for a new trial.
ISSUE 2
¶20 Did Dezeeuw receive ineffective assistance of counsel?
¶21 Based on our resolution of the previous issue, we need not, and therefore, decline to address whether Dezeeuw received ineffective assistance of counsel.
JUSTICES HUNT, REGNIER and LEAPHART concur.