No. 02-603

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 307

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MATTHEW DeMARY,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Seventh Judicial District,
In and for the County of Richland, Cause No. DC-01-4,
The Honorable Richard G. Phillips, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Scott Albers, Attorney at Law, Great Falls, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

        Mike Weber,  Richland County Attorney, Sidney, Montana

        T. R. Halvorson, Deputy County Attorney, Sidney, Montana


Submitted on Briefs:  August 14, 2003

Decided:  November 7, 2003

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Appellant Matthew DeMary was convicted of two counts of sexual intercourse without consent and six counts of sexual assault in the Seventh Judicial District Court, Richland County. DeMary appeals. We affirm the judgment of the District Court.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court abuse its discretion when it denied DeMary's motion to call Dr. Sarah Baxter as an expert witness?

¶4 2. Did the District Court abuse its discretion when it denied DeMary's motion for a continuance?

¶5 3. Was DeMary denied his right to effective assistance of counsel by defense counsel's failure to timely give notice of his intent to call expert witness Dr. Sarah Baxter?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 In November of 2000, Matthew DeMary was accused of having sexual contact with his eleven-year-old daughter K. D. and his eight-year-old stepdaughter A. S. As a result, DeMary was charged by information with two counts of sexual intercourse without consent, and eight counts of sexual assault, on February 9, 2001. DeMary pled not guilty to all ten counts on February 20, 2001.

¶7 On March 26, 2001, the Respondent, State of Montana, gave notice of the expert witnesses it intended to call at trial. The State provided notice of an additional expert witness it intended to call at trial on March 28, 2001. On August 2, 2001, the District Court issued an order scheduling DeMary's case for trial on January 14, 2002. On January 10,

2002, the District Court rescheduled the trial date for March 19, 2002.

¶8 Five days before trial, on March 14, 2002, DeMary filed a motion requesting that the District Court allow him to call Dr. Sarah Baxter as an expert witness. The District Court denied DeMary's motion the next day. DeMary filed a motion to continue the trial on March 18, 2002. The District Court denied DeMary's motion for a continuance that same day.

¶9 The case proceeded to jury trial on March 19, 2002. The jury found DeMary guilty of two counts of sexual intercourse without consent and six counts of sexual assault. DeMary was sentenced by the District Court on June 14, 2002. He filed a timely appeal.

## STANDARD OF REVIEW

¶10 We review a district court's imposition of sanctions pursuant to § 46-15-329, MCA, for an abuse of discretion. *State v. Dezeeuw*, 1999 MT 331, ¶ 9, 297 Mont. 379, ¶ 9, 992 P.2d 1276, ¶ 9. Similarly, we review discretionary trial court rulings, such as rulings on motions for continuances, to determine if the court abused its discretion. *In re R. F.*, 2001 MT 199, ¶ 21, 306 Mont. 270, ¶ 21, 32 P.3d 1257, ¶ 21.

¶11 Claims of ineffective assistance of counsel involve mixed questions of law and fact. Therefore, this Court reviews such claims *de novo*. *State v. Jefferson*, 2003 MT 90, ¶ 42, 315 Mont. 146, ¶ 42, 69 P.3d 641, ¶ 42.

## DISCUSSION

### ISSUE 1

¶12 Did the District Court abuse its discretion when it denied DeMary's motion to call Dr. Sarah Baxter as an expert witness?

¶13 DeMary contends that the District Court abused its discretion when it denied his motion to call expert witness Dr. Sarah Baxter. The State counters that the District Court properly precluded Dr. Baxter from testifying because DeMary failed to comply with § 46-15-323, MCA (1999).

¶14 Section 46-15-323(6), MCA (1999), provides, in pertinent part:

> Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall make available to the prosecutor for testing, examination, or reproduction:
>
> . . .
>
> (b) the names and addresses of experts whom the defendant may call at trial, together with the results of their physical examinations, scientific tests, experiments, or comparisons, including all written reports and statements made by these experts in connection with the particular case[.]

¶15 DeMary was arraigned on February 12, 2001. He filed his motion to endorse Dr. Baxter over one year later, on March 14, 2002. Section 46-15-323(6), MCA (1999), allows a defendant to add to his or her list of witnesses more than 30 days after his or her arraignment, if the defendant can demonstrate good cause to do so. In this case, DeMary's motion stated that Dr. Baxter's testimony would be offered to: (1) rebut psychological testimony offered by Dr. Donna Veraldi on behalf of the State; (2) explain the declining psychiatric condition of A. S.; and (3) rebut the State's allegation that DeMary had assaulted A. S. DeMary further stated that he could not "effectively confront the evidence against him without the assistance of an expert." However, while DeMary asserted that Dr. Baxter's testimony was essential to his defense, he did not supply any justification for the tardiness

4

of his motion.

¶16 The record shows that DeMary had been aware of Dr. Baxter's involvement in his case since at least December of 2001. However, DeMary failed to provide any explanation as to why he waited until five days before his trial to attempt to call her as a witness. Moreover, DeMary failed to demonstrate that the State had sufficient time to prepare for Dr. Baxter's testimony. Thus, DeMary's request to endorse an expert witness five days before trial was not supported by good cause, as required by § 46-15-323(6), MCA (1999).

¶17 A defendant who fails to comply with § 46-15-323, MCA (1999), may be sanctioned. Section 46-15-329, MCA (1999), provides, in pertinent part:

> If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any of the provisions of this part or any order issued pursuant to this part, the court may impose any sanction that it finds just under the circumstances, including but not limited to:
>
> . . .
>
> (4) precluding a party from calling a witness, offering evidence, or raising a defense not disclosed[.]

A district court may sanction a party for failing to comply with § 46-15-323(6), MCA (1999), by precluding that party calling his or her witness(es), provided that such sanction does not result in an abuse of discretion. See *State v. Kaczmarek* (1990), 243 Mont. 456, 462, 795 P.2d 439, 443.

¶18 In this case, DeMary's motion to endorse Dr. Baxter failed to comply with § 46-15-323(6), MCA (1999). Additionally, while DeMary maintains that he was prejudiced by the exclusion of Dr. Baxter's testimony, a careful review of the record reveals that this is simply

5

not the case.

¶19 DeMary's motion stated that Dr. Baxter's testimony would rebut psychological testimony offered by Dr. Donna Veraldi on behalf of the State. However, the State did not call Dr. Veraldi at trial. Therefore, there was no psychological testimony for Dr. Baxter to rebut.

¶20 DeMary's motion further stated that Dr. Baxter would explain that A. S.'s "psychiatric condition ha[d] worsened over the course of the last several months." However, DeMary was accused of assaulting A. S. prior to November of 2000. Thus, any "worsening" of A. S.'s psychiatric condition in 2002 was of little value. This is especially true because at the trial the State played tapes of interviews that A. S. gave in November and December of 2000. A. S. also testified at the trial and DeMary was afforded the opportunity to cross-examine her about the taped interviews, as well as about her psychiatric condition at the time of trial. Accordingly, DeMary was not prejudiced by the District Court's decision to preclude Dr. Baxter from testifying about A. S.'s "worsened" psychiatric condition.

¶21 DeMary's motion also stated that Dr. Baxter's testimony would rebut the State's allegation that he had assaulted A. S. Dr. Baxter's report is part of the record. A review of the report reveals that it was less than favorable to DeMary on this issue. For example, Dr. Baxter's report states that:

> With respect to the actual content of the allegations, [A. S.'s] statements are found to be credible to the extent that they provide a high level of sexual detail, compelling descriptions of oral sex, and apparent exposure to pornography. The interviews are flawed in that the possibility of other perpetrators is never pursued. Nonetheless, [A. S.] consistently reports that it

6

has been her stepfather, Matthew DeMary, who sexually abused her. Despite the fact that these statements are coming from an apparently highly disturbed child, they do tend to be relatively consistent and relatively detailed despite the lack of skill on the part of the law enforcement interviewer in particular.

Dr. Baxter's report concludes that:

Overall, it must be pointed out that there are numerous sources of contamination present in this current situation. Nonetheless, it must also be pointed out that [A. S.] consistently reports child sexual abuse, does so in a way that is relatively detailed given her age and cognitive functioning, and has numerous symptoms that would be consistent with the experience of child sexual abuse, as well as from the chaotic environment in which this sometimes occurs. Despite the fact that [A. S.] is not directly questioned about the possibility of other perpetrators, it must also be noted that she does not waiver in her description that these acts occurred at the hands of her stepfather. . . . Despite it being possible that [A. S.] has been abused by another perpetrator, there appears to be no sound alternative explanation at the present time of other perpetrators. On balance, it appears more likely than not that she has been sexually abused.

In view of these statements, which Dr. Baxter would be forced to acknowledge if she testified, it is highly questionable as to whether she would have been of help in rebutting the State's allegation that DeMary had assaulted A. S. Therefore, we cannot conclude that DeMary was prejudiced by the District Court's decision to exclude Dr. Baxter's testimony.

¶22 In evaluating whether or not a district court abused its discretion, we look to whether the court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Groves v. Clark*, 1999 MT 117, ¶ 25, 294 Mont. 417, ¶ 25, 982 P.2d 446, ¶ 25. In this case, DeMary provided no explanation for the tardiness of his motion, nor did he demonstrate that the State was prepared to address Dr. Baxter's testimony. Further, unlike the circumstances in *Dezeeuw*, we are unable to

7

conclude that DeMary was prejudiced by the District Court's decision to preclude Dr. Baxter from testifying. See *Dezeeuw*, ¶¶ 15-19. We hold that the District Court did not abuse its discretion when it denied DeMary's motion to call Dr. Baxter as an expert witness.

**ISSUE 2**

¶23 Did the District Court abuse its discretion when it denied DeMary's motion for a continuance?

¶24 DeMary maintains that the District Court abused its discretion when it denied his motion to continue the trial. The decision to grant or deny a motion for a continuance is within the discretion of the trial court. Section 46-13-202(3), MCA (1999); *State v. Scott* (1993), 257 Mont. 454, 463-64, 850 P.2d 286, 292. This Court will not overturn a district court's decision to deny a motion for a continuance unless the district court abused its discretion. *Scott*, 257 Mont. at 463-64, 850 P.2d at 292. An abuse of discretion can be present only when the district court's ruling prejudices the defendant. *Scott*, 257 Mont. at 463-64, 850 P.2d at 292.

¶25 DeMary filed his motion to continue his trial on March 18, 2002, three days after the District Court denied his motion to endorse Dr. Baxter, and one day before trial. DeMary moved for a continuance in an attempt to convince the District Court to reverse its order stating that Dr. Baxter could not testify, and then give the State time to prepare to address Dr. Baxter's testimony. However, as we noted above, the District Court did not abuse its discretion in precluding Dr. Baxter from testifying, nor was DeMary prejudiced by the exclusion of Dr. Baxter's testimony. Thus, there was little reason to continue DeMary's trial

8

date. Accordingly, the District Court did not abuse its discretion when it denied DeMary's motion for a continuance.

## ISSUE 3

¶26    Was DeMary denied his right to effective assistance of counsel by defense counsel's failure to timely give notice of his intent to call expert witness Dr. Sarah Baxter?

¶27    DeMary alleges his counsel was ineffective because he waited until five days before trial to attempt to call Dr. Baxter as an expert witness. To assess a claim of ineffective assistance of counsel, both on direct appeal and in post-conviction proceedings, this Court applies the two-prong test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. See *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, ¶ 20, 10 P.3d 49, ¶ 20; and *State v. Hagen*, 2002 MT 190, ¶ 17, 311 Mont. 117, ¶ 17, 53 P.3d 885, ¶ 17. The *Strickland* test requires the defendant to "show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *Dawson*, ¶ 20. The *Strickland* Court further noted that:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U. S. at 697, 104 S. Ct. at 2069.

¶28    In the instant case, DeMary's claim can be disposed of on the ground of lack of sufficient prejudice. As such, we need not examine whether or not DeMary's defense counsel was deficient.

9

¶29 In order to satisfy the prejudice prong of the *Strickland* test, a defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U. S. at 687, 104 S. Ct. at 2064. Here, DeMary contends that he was prejudiced by the exclusion of Dr. Baxter's testimony. However, as we discussed above, DeMary suffered little or no prejudice as a result of the District Court's decision to preclude Dr. Baxter from testifying. Therefore, he was not deprived of a fair trial. Accordingly, we conclude that DeMary was not denied his right to effective assistance of counsel.

¶30 The judgment of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON