No. 04-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 168N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

MONTY BAUCH,

        Defendant  and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and For the County of Cascade, Cause No. BDC -88-167
                      Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jane Berger, Cascade County Public Defender,
                Great Falls, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
                Assistant Attorney General, Helena, Montana

                Brant Light, Cascade County Attorney; John Parker,
                Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  June 15, 2005

Decided:  June 29, 2005

Filed:

             _____
                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Monty Bauch (Bauch) appeals from the order entered by the Eighth Judicial District Court, Cascade County, revoking his suspended sentences.  We affirm.

¶3      We restate the issues on appeal as follows:

¶4      1.  Did the District Court abuse its discretion in denying Bauch's motion to continue the evidentiary hearing on the petition to revoke?

¶5      2.   Did the District Court abuse its discretion in revoking Bauch's suspended sentences?

¶6      3.  Did the District Court err in ordering Bauch to pay restitution or perform community service in lieu of such payment?

## BACKGROUND

¶7      In 1988, Bauch pleaded guilty to  the offenses of burglary, theft and criminal mischief, all felonies.  The District Court sentenced him to concurrent sentences of ten years, with eight years suspended, on each count.  The court further ordered that Bauch pay

restitution, with the restitution amount to be paid in full within two years of the date of sentencing.

¶8 The State of Montana (State) twice petitioned the District Court to revoke Bauch's suspended sentences, alleging he had failed to pay any restitution. After a hearing on the second petition in July of 1996, the court revoked Bauch's suspended sentences, reinstated the three concurrent eight-year suspended sentences and required payment of the restitution at a rate of $200 per month until paid in full. The conditions of the suspended sentences required Bauch to follow all the rules and regulations of the adult probation and parole bureau, which included that he not change his place of residence without obtaining prior permission from his probation officer and that he report to his probation officer as directed. Recognizing that Bauch desired to move to South Carolina for employment purposes, the District Court allowed him to do so as long as the probation and parole services in that state would agree to assume supervision over him pursuant to an interstate compact.

¶9 In March of 1997, the State filed its third petition to revoke Bauch's suspended sentences. The supporting report of violation filed by Bauch's supervising probation officer alleged that Bauch had failed to pay any restitution, had not contacted his probation officer as directed for several months and apparently had changed his residence without permission; his whereabouts were unknown. Bauch eventually was arrested in March of 2004.

¶10 The court held a hearing on the State's revocation petition on April 8, 2004. Bauch's supervising probation officer and Bauch testified. The District Court subsequently determined Bauch had violated the terms and conditions of his suspended sentences as

3

alleged in the report of violation. The court then revoked Bauch's suspended sentences and imposed concurrent sentences of seven years to the Montana Department of Corrections, with three years suspended. The court also ordered Bauch to pay restitution, but provided that he could satisfy the restitution requirement through community service. Bauch appeals.

DISCUSSION

¶11    1. Did the District Court abuse its discretion in denying Bauch's motion to continue the evidentiary hearing on the petition to revoke?

¶12    We will not overturn a district court's ruling on a motion for a continuance unless we determine the court abused its discretion. *State v. DeMary*, 2003 MT 307, ¶ 24, 318 Mont. 200, ¶ 24, 79 P.3d 817, ¶ 24. Such an abuse of discretion occurs only when the district court's ruling prejudices the defendant. *DeMary*, ¶ 24.

¶13    At the outset of the hearing on the State's petition to revoke, Bauch moved the District Court to continue the hearing because he wanted his wife to testify on his behalf, but she was hospitalized and could not appear that day. The District Court denied the motion, but stated that Bauch could renew the motion at a later point if he still thought her testimony was necessary. The State presented its evidence via the testimony of Bauch's probation officer. Bauch then testified on his own behalf, informing the court of his whereabouts since the prior revocation proceeding in 1996, why he had not kept in contact with his probation officer and why he had failed to pay restitution.

¶14    At the end of his testimony, Bauch renewed his motion to continue the hearing so his wife could testify on his behalf at a later time. The District Court inquired regarding the

4

testimony Bauch's wife would provide. Bauch responded that she would testify as to his whereabouts over the last several years and his financial situation. The court observed that this testimony would be cumulative to Bauch's testimony and noted that Bauch's testimony in these regards was uncontroverted; thus, the court accorded his testimony the presumption of truthfulness. For those reasons, the court again denied the motion to continue. Bauch contends the court abused its discretion in doing so.

¶15 Bauch presented the court with the evidence he wished it to hear through his own testimony. His wife's testimony would have been cumulative and was unnecessary. We conclude that the court's refusal to continue the revocation hearing did not prejudice Bauch. We hold, therefore, that the District Court did not abuse its discretion in denying Bauch's motion to continue the evidentiary hearing on the State's petition to revoke.

¶16 2. Did the District Court abuse its discretion in revoking Bauch's suspended sentences?

¶17 We review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion. *State v. Senn*, 2003 MT 52, ¶ 19, 314 Mont. 348, ¶ 19, 66 P.3d 288, ¶ 19. The issue before a district court in a revocation proceeding is whether the court is reasonably satisfied that the defendant's conduct has not been what he agreed it would be if given liberty. *Senn*, ¶ 19. A district court may revoke a defendant's suspended sentence if it determines the defendant violated any of the terms and conditions of his or her sentence. Section 46-18-203(7)(a), MCA. A single violation of the terms and

5

conditions of a sentence is sufficient to support a court's revocation of that sentence. *State v. Rudolph*, 2005 MT 41, ¶ 13, 326 Mont. 132, ¶ 13, 107 P.3d 496, ¶ 13.

¶18    The report of violations filed by Michael Redpath (Redpath), Bauch's probation officer, stated that the South Carolina probation and parole services had notified Redpath that Bauch was no longer living at the address he had provided to Redpath and Bauch's current whereabouts were unknown. The report further stated that Bauch was required to submit monthly written reports to Redpath until Bauch was accepted for supervision in South Carolina, but Redpath had received only one written report from Bauch in December of 1996, and the South Carolina probation services had refused to accept supervision over Bauch. Finally, the report stated that Bauch had made no payments toward his restitution. Redpath testified to these matters at the revocation hearing.

¶19    Bauch testified that, shortly after arriving in South Carolina in 1996, he moved to Texas and then, several years later, to Tennessee. He conceded he did not request Redpath's permission for his various moves and never received notification that he had been formally accepted for probation supervision by any of those states. Bauch also testified that he did not provide Redpath with any of the required written reports after December of 1996. Finally, Bauch testified that he had been in a motorcycle accident in 1998 that left him disabled and unable to work. He has had no income since the 1998 accident. However, Bauch conceded that, between 1991 and 1998, he did have some income--including a workers' compensation settlement--from which he could have paid his restitution, but he chose not to do so.

6

¶20 Based on the above testimony, the District Court determined the preponderance of the evidence established that Bauch had violated the terms and conditions of his suspended sentences by changing his residence without informing his probation officer, failing to report to his probation officer as directed and failing to pay his restitution. Consequently, the court revoked Bauch's suspended sentences. We conclude that the evidence supports the court's determinations. As a result, we hold that the District Court did not abuse its discretion in revoking Bauch's suspended sentences.

¶21 3. Did the District Court err in ordering Bauch to pay restitution or perform community service in lieu of such payment?

¶22 Bauch contends that the District Court erred in requiring him to pay restitution when the evidence at the revocation hearing established that his disability resulting from the 1998 motorcycle accident renders him unable to work and generate income with which to pay such restitution. We review a district court's imposition of sentence for legality only. In doing so, we determine whether the sentence is within the parameters of the sentencing statutes. *Rudolph*, ¶ 9.

¶23 Section 46-18-241(3), MCA, provides that

> [i]f at any time the court finds that, because of circumstances beyond the offender's control, the offender is not able to pay any restitution, the court may order the offender to perform community service during the time that the offender is unable to pay. The offender must be given a credit against restitution due at the rate of the hours of community service times the state minimum wage in effect at the time that the community service is performed.

Here, the District Court did condition the suspended portion of Bauch's sentences, in part, on his payment of restitution and ordered him to make good faith efforts to pay. However,

7

the court also determined that, because of his disability, Bauch currently was unable to pay restitution without the financial assistance of his family. Consequently, the court provided that, pursuant to § 46-18-241(3), MCA, Bauch could satisfy his restitution obligation via performing community service.

¶24 We conclude that Bauch has not established that the sentence imposed by the District Court is illegal. Consequently, we hold that the District Court did not err in ordering Bauch to pay restitution or perform community service in lieu of such payment.

¶25 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE