No. 05-600

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 173

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ROGELIO IBARRA-SALAS,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DC 04-183,
The Honorable Holly Brown, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

            Christopher K. Williams, Attorney at Law, Bozeman, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein, Assistant
Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney; Todd Whipple, Deputy County
Attorney, Bozeman, Montana

_____

Submitted on Briefs:  September 20, 2006

Decided:  July 17, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Rogelio Ibarra-Salas (Ibarra-Salas) appeals from an order of the Eighteenth Judicial District Court, Gallatin County (District Court), denying his motion for a new trial. We affirm.

¶2 We restate and address the following issues on appeal:

¶3 1. Did the District Court err in not granting Ibarra-Salas' motion to continue the trial?

¶4 2. Was Ibarra-Salas' trial counsel ineffective because he did not question prospective jurors concerning ethnic bias or prejudice?

¶5 The State filed an Information charging Ibarra-Salas with criminal distribution of dangerous drugs, a felony, in violation of § 45-9-101, MCA. The State alleged that on November 12, 2003, Ibarra-Salas and a co-defendant, Dustin White (White), sold methamphetamine to White's sister, who was a confidential informant.

¶6 The day before trial, trial counsel for Ibarra-Salas filed a motion for sanctions -- either in the form of dismissal of the charge or a continuance of the trial. He claimed that despite numerous requests, the State failed to make two witnesses available for interviews.

¶7 The District Court held an immediate hearing on the motion. After hearing from counsel and other witnesses concerning the conduct of discovery, the District Court determined the witness interviews did not occur because of scheduling conflicts and miscommunication. The District Court found that the prosecution did not attempt to cause delay by avoiding meetings or hindering the disclosure of information and

2

therefore denied Ibarra-Salas' motion to dismiss the charge as a sanction.

¶8 Ibarra-Salas' motion for continuance was based on his counsel's alleged need to interview the two previously unavailable witnesses and to prepare for trial. After making sure the witnesses were available to be interviewed that day, the District Court denied Ibarra-Salas' motion for a continuance.

¶9 In ruling on the motion, the District Court stated:

> In regard to the continuance, I am also going to deny the continuance. This case has been set for trial for some time. And while I appreciate that you (defense counsel) have been very diligent in pursuing your discovery efforts, because we have had the numbers of hearings and the discovery requests, I am going a bit on faith that the information that you will receive from the two witnesses that you will presumably have available to you by this afternoon, will be cumulative or at least consistent with the information that you've previously been provided. If that does not turn out to be the case, then I would expect that you can document that, either by motion or through cross-examination testimony, through the trial.
>
> The trial is currently scheduled for two days. I will be as flexible as we need to be to allow you extra time to prepare for the examination of either of those witnesses should you need extra time. And we will accommodate whatever other arrangements the Court can make to allow you to proceed with the case.

¶10 On the first day of trial, counsel for Ibarra-Salas renewed his request for a continuance based on insufficient time to prepare to conduct jury *voir dire*. The District Court stated it would stand by the rationale of its previous ruling and denied the motion.

¶11 Ibarra-Salas is of Hispanic descent. He had the assistance of a Spanish-English interpreter during the trial. During *voir dire*, counsel for both Ibarra-Salas and the State questioned the jury panel concerning its ability to be fair and impartial jurors in a drug trial. Neither party questioned prospective jurors about ethnic or racial bias during *voir*

*dire*. Counsel for Ibarra-Salas was successful in challenging two prospective jurors for cause.

¶12 The jury found Ibarra-Salas guilty of Criminal Distribution of Dangerous Drugs in violation of § 45-9-101, MCA. Ibarra-Salas filed a motion for a new trial, which the District Court denied as untimely. After the entry of judgment, Ibarra-Salas appealed.

¶13 The decision to grant or deny a motion for a continuance is within the discretion of the district court. *State v. DeMary*, 2003 MT 307, ¶ 24, 318 Mont. 200, ¶ 24, 79 P.3d 817, ¶ 24; § 46-13-202(3), MCA. This Court will not overturn a district court's decision to deny a motion for continuance unless the district court abused its discretion and the ruling prejudices the defendant. *DeMary*, ¶ 24. Ibarra-Salas argues the District Court abused its discretion when it denied his motions for a continuance.

¶14 Ibarra-Salas cites to nothing in the record to support his contention that his counsel was not prepared to conduct jury *voir dire*, or that he was unable to present any evidence or was unable to effectively cross-examine a witness because he was unprepared. Also, even though the District Court said that it would be inclined to grant a motion for a delay during the trial if Ibarra-Salas' counsel needed more time, Ibarra-Salas did not move the District Court for additional time. We will not reverse an order of the District Court denying a motion for a continuance when a party fails to cite a portion of the record which indicates an abuse of discretion. M. R. App. P. 12(1)(f).

¶15 Ibarra-Salas also claims that the District Court erred because it did not recess the trial and conduct a separate hearing to determine if his lawyer was unprepared. He attempts to analogize his counsel's request for a continuance to a situation in which a

4

defendant claims ineffective assistance of counsel and requests new counsel. It is true that when a defendant presents a "seemingly substantial complaint" about counsel and requests a different lawyer, the Court should hold a hearing on the request for substitution of counsel. *City of Billings v. Smith*, 281 Mont. 133, 136, 932 P.2d 1058, 1060 (1997). However, Ibarra-Salas made no request for substitution of his trial counsel and thus no hearing was necessary.

¶16    Ibarra-Salas then argues that because he is a Hispanic person, and thus a member of a minority group, his counsel's failure to question prospective jurors about ethnic or racial bias denied him both his constitutional right to an impartial jury and to the effective assistance of counsel.

¶17    A criminal defendant in a state court is guaranteed an impartial jury by the Sixth Amendment to the United States Constitution, as applicable to the States through the Fourteenth Amendment. A defendant is also guaranteed an impartial jury by Article II, Section 24 of the Montana Constitution. *State v. LaMere*, 2000 MT 45, ¶ 35, 298 Mont. 358, ¶ 35, 2 P.3d 204, ¶ 35; *Ristaino v. Ross*, 424 U.S. 589, 595 n. 6, 96 S. Ct. 1017, 1021 n. 6 (1976) (citations omitted). *Voir dire* in a criminal proceeding requires adequate questioning to assure counsel's ability to challenge a prospective juror for cause. *State v. LaMere*, 2005 MT 118, ¶ 15, 327 Mont. 115, ¶ 15, 112 P.3d 1005, ¶ 15; *State v. Herrman*, 2003 MT 149, ¶ 23, 316 Mont. 198, ¶ 23, 70 P.3d 738, ¶ 23.

¶18    In the federal courts, there is no constitutional presumption of juror bias for or against members of any particular racial or ethnic group. *See Rosales-Lopez v. United States*, 451 U.S. 182, 191, 101 S. Ct. 1629, 1636 (1981). Nor has this Court ever

5

established such a presumption. We agree with the United States Supreme Court that in the heterogeneous society of this country, policy and constitutional considerations militate against a *per se* rule that justice "in a court of law may turn upon the pigmentation of skin, the accident of birth, or the choice of religion." *Ristaino*, 424 U.S. at 596 n. 8, 96 S. Ct. at 1021 n. 8.

¶19 In the federal court system, unlike Montana, judges rather than attorneys generally conduct *voir dire* examination. Fed. R. Civ. P. 47(a); Fed. R. Crim. P. 24(a); § 46-16-114, MCA. Federal trial courts must accede to a criminal defendant's request that prospective jurors be questioned about racial or ethnic bias only when (1) racial issues are inextricably bound up with the conduct of the trial and (2) there are substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in the particular case. *Ristaino*, 424 U.S. at 596-97, 96 S. Ct. at 1021-22 (citing *Ham v. South Carolina*, 409 U.S. 524, 93 S. Ct. 848 (1973)). The "critical factor" is whether racial issues are inextricably bound up with the conduct of the trial. *Rosales-Lopez*, 451 U.S. at 189, 101 S. Ct. at 1635 (1981); *See Ham*, 409 U.S. at 526, 93 S. Ct. at 850. These considerations comport with Article II, Section 24, of the Montana Constitution, are understandable and we shall utilize them in making the determination whether Ibarra-Salas was denied a fair trial by an impartial jury.

¶20 In the present case, there is no indication that any ethnic or racial issues were intertwined with the charged drug offense, that the alleged offense was racially motivated, or that an ethnic issue was in any way connected with the trial.

¶21 Also, Ibarra-Salas' defense did not introduce any ethnic or racial issue into the

6

trial. Ibarra-Salas' counsel argued that his client was merely present in White's apartment during the methamphetamine sale, that he had no involvement with the sale and that the drug deal was between White and White's sister. The defense did not relate to any ethnic or racial issue, and was thus not likely to intensify any bias or prejudice that individual members of the jury might harbor. *See Ristaino*, 424 U.S. at 596-97, 96 S. Ct. at 1021.

¶22 There is no indication in the record of ethnic or racial bias on the part of a witness, an attorney, the trial judge, a member of the Court staff or any member of the venire panel. Ibarra-Salas was not denied his right to an impartial jury.

¶23 As there is no record of any ethnic or racial issue in the case, we conclude that defense counsel's performance did not fall below the range of competence required of attorneys in criminal cases simply because he did not question prospective jurors about possible ethnic bias or prejudice. Thus, Ibarra-Salas was not denied the effective assistance of counsel. *See LaMere*, ¶ 8; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

¶24 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

7