JUSTICE NELSON
dissents.
¶40 As noted in the Court’s Opinion, our review of disciplinary proceedings is de novo. Opinion, ¶ 24 (citing In re Engel, 2008 MT 42, ¶ 3, 341 Mont. 360, 177 P.3d 502). Accordingly, based on the record, and with due respect to the Court and the Commission on Practice (COP), I cannot join the Court’s Opinion in this case.
¶41 Olson’s defense derails over his Clintonesque claim that he did not believe that the 13 photographs at issue were child pornography. Similarly, the OOP’s decision runs off the track for the same reason-that “Olson had the good faith belief that the items taken from the Mortenson apartment following the search and release of the scene by the police were ... not child pornography or contraband.” COP, Conclusion of Law No. 3. Since the COP never determined whether the photographs at issue were or were not child pornography, Opinion, ¶ 25, the adjudicative panel was hardly in a position to conclude anything about Olson’s good faith belief in possessing it or determining the bonafides of his defense.
¶42 Suffice it to say that the photographs at issue are of preadolescent girls: one is dressed in a French maid’s costume, others are completely naked, and others are partially clothed. All are posed *369 erotically, and the photographs focus on the girls’ exposed genitals and breasts. If these photographs are not child pornography under §§ 45-5-620(1)(e) and 45-5-625(l)(e), MCA (2005), then I am at a loss to know what constitutes child pornography. At least the Court and I agree on that. Opinion, ¶ 28. Indeed, I believe that any “good faith” conclusion to the contrary would be absurd. See Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S. Ct. 1676, 1683 (1964) (Stewart, J., concurring).
¶43 The COP, however, failed to make this elemental determination, and, as a result, rendered its decision on a faulty underlying premise-Olson’s good faith belief. The COP’s decision errs in its deference to Olson, and the Court’s decision fails in its deference to the COP. In my view, Olson, an experienced criminal defense attorney, could not hold a good faith belief that the photographs of which he took possession were not child pornography and, thus, were not contraband and evidence of the criminal acts of his client. Indeed, the photographs were exactly the sort of child pornography which formed the basis of the charges against Olson’s client. More to the point, if Olson really believed, in good faith, that the photographs were not child pornography, then he had no need to obtain the protective order from Judge McKittrick in order to retain possession of the photographs.
¶44 Having concluded that the photographs were contraband and evidence, I also agree with Disciplinary Counsel that Olson violated Montana Rules of Professional Conduct (M. R. P. C.) 3.4(a).[1] This Rule required that Olson make the photographs available to the County Attorney. The offense of tampering with or fabricating physical evidence under § 45-7-207(l)(a), MCA, is committed when one conceals evidence in an official proceeding or investigation. There is no exception in this criminal statute for the possession by defense counsel of actual evidence of the criminal conduct at issue. Regardless of what the ABA Criminal Justice Standards might suggest as “guidelines,” these cannot supersede Montana’s statutes. I am, thus, persuaded that once a criminal defense attorney comes into possession of physical evidence of his or her client’s criminal conduct, that he or she is neither legally permitted under § 45-7-207, MCA, nor ethically privileged under M. R. P. C. 3.4(a), to conceal that evidence from the authorities and from the prosecutor. I have a hard time understanding *370 how, if defense counsel comes into possession of the bloody knife used to commit a homicide, that he or she can legally and ethically conceal that evidence from the police and prosecutor. While it goes without saying that the defendant is entitled to all exculpatory evidence in the hands of the prosecutor, State v. Thompson, 2001 MT 119, ¶ 31, 305 Mont. 342, 28 P.3d 1068, I believe that the law, likewise, requires that the prosecutor be entitled to inculpatory physical evidence and contraband in the hands of the defense, see Clutchette v. Rushen, 770 F.2d 1469, 1472-73 (9th Cir. 1985), cert. denied, 475 U.S. 1088, 106 S. Ct. 1474 (1986) (holding that a lawyer’s conduct in possessing evidence of a crime is not protected by the Sixth Amendment right to counsel). Moreover, a lawyer’s conduct in holding fruits and instrumentalities of a crime is not protected by the attorney-client privilege. Wemark v. State, 602 N.W.2d 810, 816 (Iowa 1999). That the former evidence may “chill” the prosecution and latter evidence may “chill” the defense, see Opinion, ¶ 9, should not take precedence over the fact that our criminal justice system is fundamentally charged with searching for and finding the “truth.” Or, so we claim. See e.g. State v. Waters, 228 Mont. 490, 495, 743 P.2d 617, 620 (1987) (“The purpose of Montana’s discovery scheme is to enhance the search for truth.”); State v. Dezeeuw, 1999 MT 331, ¶ 16, 297 Mont. 379, 992 P.2d 1276 (holding that the trial court’s exclusion of defendant’s eyewitness to the altercation, when his only defense was self-defense, hindered the search for truth and, therefore, was an abuse of the court’s discretion).
¶45 The same is true here. The photographs were clearly evidence of the charges filed by the Cascade County Attorney against Olson’s client, and Olson had the legal and ethical obligation to make the photographs available to the prosecution. I agree with Disciplinary Counsel that Olson violated M. R. P. C. 3.4(a). We are not cited to any authority that permits a lawyer defending or prosecuting a criminal case to break the law in doing so.
¶46 Similarly, Olson was charged with violating M. R. P. C. 8.4(b).[2] Even though Olson was never charged with violating § 45-7-207(l)(a), MCA, that is not a bar to concluding that he, nonetheless, violated this Rule. See generally ABA Annotated Model Rules of Professional Conduct 579 (6th ed. 2007). As already noted, having concealed evidence of his client’s criminal conduct, I conclude that Olson violated *371 this Rule as well.
¶47 Finally, as to the ex parte, sealed protective order which Olson obtained from Judge McKittrick, there is evidence in the record that Olson misled the court into believing that the photographs were obtained from the County Attorney under that office’s open-file policy. In regards to his conversation with Olson about the need for a protective order, Judge McKittrick testified:
I said, “Have you gone through discovery, did you get an open file from the County Attorney’s Office?”... And he said, “Yes, open file, yes,” and I said something to the effect, “Do you have what may be considered child pornography?” and he said, “Well, look at the Code,” and he said, “Yeah, that’s a problem.” He said, “I’m very, very concerned about that....”
¶48 M. R. P. C. 8.4(c) makes it professional misconduct for a lawyer to “engage in conduct involving dishonesty, fraud, deceit or misrepresentation ....” Likewise, M. R. P. C. 8.4(d) proscribes a lawyer from “engaging] in conduct that is prejudical to the administration of justice ....” I conclude that these Rules were violated by Olson’s lack of candor with Judge McKittrick concerning where and how he obtained the photographs. I also conclude that Judge McKittrick’s testimony clearly and convincingly demonstrates that he was under the false impression that Olson obtained the photographs from the County Attorney’s Office. Obviously, Olson did not obtain the photographs by way of the County Attorney’s open-file policy; and Olson was ethically obligated to be candid and truthful with the trial court when he applied for the order of protection. Attorneys should not put trial judges in the position of issuing orders based on the court’s misapprehension of the facts.
¶49 In summary, on the facts of this case and on the record before us, I conclude that Disciplinary Counsel got it right. I would reverse and remand to the COP for further proceedings and a recommendation of discipline.
¶50 Therefore, respectfully, I dissent from our decision.

 M.R.P.C. 3.4(a) provides that a lawyer shall not “unlawfully obstruct another party’s access to evidence, unlawfully alter, destroy or conceal a document or other material having potential evidentiary value, or counsel or assist another person to do any such act...”

 M.E.P.C. 8.4(b) provides that it is professional misconduct for a lawyer to “commit a criminal act that reflects adversely on the lawyer’s honesty, trustwortídness or fitness as a lawyer in other respects ....”