DA 10-0558

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 157N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WESLEY JEAN COUTURE,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 09-0137
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Fred Snodgrass, Attorney at Law, Billings, Montana

     For Appellee:

        Steve Bullock, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

        Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs:  June 8, 2011

Decided:  June 28, 2011

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Wesley Couture appeals the Judgment and Commitment of the Twentieth Judicial District Court, Lake County, finding him guilty of felony DUI. We affirm.

¶3     Couture raises four issues on appeal which we have restated as follows:

¶4     1. Whether the District Court abused its discretion in denying Couture's Motion to Continue made on the morning of trial.

¶5     2. Whether the District Court abused its discretion when it excluded Couture's offered video evidence at trial.

¶6     3. Whether the District Court erred in sentencing Couture as a persistent felony offender.

¶7     4. Whether the District Court abused its discretion in denying Couture's Motion for a New Trial.

## Factual and Procedural Background

¶8     On September 16, 2009, the State charged Couture with DUI, a felony, in violation of § 61-8-401, MCA. Since this was Couture's tenth DUI offense and his sixth felony offense (some of which were based on criminal activity other than drinking and

driving), the State also filed a notice that it intended to ask the District Court to designate Couture a persistent felony offender (PFO).

¶9 The District Court held an omnibus hearing on March 17, 2010, after which it issued an order specifying that not later than 30 days prior to trial, both parties must provide to the other party a list of witnesses each party intended to call in their case in chief and a list of exhibits they intended to introduce at trial. The order further specified that failure to provide such information would be grounds for exclusion of the witness or exhibit. On May 27, 2010, the State filed its notice of witnesses and exhibits, listing as an exhibit the video from the arresting officer's patrol car. Couture did not file a notice of witnesses or exhibits, nor did he file a written objection to the State's notice.

¶10 On the morning of trial, just prior to jury selection, Couture's trial counsel complained that while he had received from the State a copy of the entire in-car video, he had not received the redacted version that the State intended to play for the jury. Consequently, counsel argued that the State should be prohibited from showing any portion of the video to the jury and that the arresting officers should be prohibited from testifying to anything that they may have observed that was captured on the video. The prosecutor responded that the State did not prepare a redacted video because it only intended to show the first five minutes of the original video. The prosecutor also acknowledged that the video should not go into the jury room. In addition, the prosecutor pointed out that she had listed the video on her exhibit list and defense counsel had not objected to the admission of the video prior to this time.

¶11 The District Court initially ruled that the State could introduce the video in its entirety; however, after counsel reminded the court that portions of the video were subject to a prior suppression order, the court changed its ruling and ordered that the State could not introduce any portion of the video. The court determined that if the State only intended to play the first five minutes of the video, it should have prepared a redacted version of the video and that the State's failure to do so violated the tenor of discovery.

¶12 After the District Court's ruling, defense counsel informed the court that he wanted to admit portions of the video into evidence and that his redacted video should be admissible even though he had not listed it as an exhibit pursuant to the omnibus order, nor provided a copy to the State. When the court asked counsel why he had not complied with the omnibus order, counsel responded that he was waiting to see the State's redacted video. The court ruled that if the State objected to the defense's video, it was inadmissible because of defense counsel's failure to comply with the omnibus order. Thereafter, defense counsel asked for a continuance or, alternatively, that the court prohibit the State from calling the arresting officers to testify. The court denied both requests.

¶13 Despite the District Court's rulings regarding the video, defense counsel attempted to introduce redacted versions of the video throughout the trial. The court refused to admit them. Couture was convicted by a jury of felony DUI. Shortly thereafter, Couture filed a Motion for New Trial arguing that his trial was unfair because the court refused to allow him to admit his redacted video. The court denied Couture's motion. At the August 11, 2010 sentencing hearing, the District Court designated Couture a PFO and

4

sentenced him to 40 years in Montana State Prison (MSP) with 20 years suspended. Couture appeals.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Accordingly, we have addressed the following issues in a summary manner.

¶15 **Issue 1:** *Whether the District Court abused its discretion in denying Couture's Motion to Continue made on the morning of trial.*

¶16 Couture does not deny that he failed to comply with the District Court's discovery and omnibus orders. However, he contends that he was denied his right to a fair trial because the prosecutor "waylaid" defense counsel on the morning of trial when she failed to provide the redacted video as promised. The State responds that it was defense counsel's responsibility to put together his own exhibit and provide it to the State. The State further contends that Couture did not act with diligence, did not demonstrate that the continuance was in the interests of justice, or that he would suffer prejudice without a continuance.

¶17 We review a district court's ruling on a motion for a continuance for an abuse of discretion. *State v. Toulouse*, 2005 MT 166, ¶ 14, 327 Mont. 467, 115 P.3d 197. Moreover, a party seeking a continuance must show that they have demonstrated sufficient diligence in preparing for trial, and that the continuance is in the interests of justice. *State v. Duncan*, 2008 MT 148, ¶ 37, 343 Mont. 220, 183 P.3d 111 (internal quotation marks omitted).

5

¶18 In this case, defense counsel admitted that the day prior to the start of trial, the prosecutor told him that she wanted to play the first five minutes of the video for the jury. Since the State had provided Couture with a copy of the video in its entirety, defense counsel easily could have determined what the prosecutor intended to show the jury. Thus, Couture's claim that he was "surprised" by the State's failure to provide a redacted video is without merit.

¶19 In addition, Couture did not support his Motion to Continue with an affidavit nor did he offer any real need for the continuance. And, Couture failed to establish that he would suffer prejudice unless the court granted a continuance.

¶20 **Issue 2:** *Whether the District Court abused its discretion when it excluded Couture's offered video evidence at trial.*

¶21 The State contends that the court properly sanctioned Couture for failing to comply with the court's discovery and omnibus orders by precluding him from introducing his redacted video. Couture contends that excluding his offered video evidence at trial was too harsh a remedy and denied him a fair trial.

¶22 Section 46-15-329, MCA, provides that if a party fails to comply with the statutes regarding discovery or any order of the court regarding discovery, the court may impose any sanction that it finds just under the circumstances, including precluding a party from offering evidence. We review a district court's imposition of sanctions pursuant to § 46-15-329, MCA, for an abuse of discretion. *State v. DeMary*, 2003 MT 307, ¶ 10, 318 Mont. 200, 79 P.3d 817.

¶23 Each party has an independent duty to provide discovery, and each party runs the risk of being sanctioned for failing to do so. Sections 46-15-322, -323 and -329, MCA. It is clear from the record in this case that the District Court was frustrated with both parties and concluded that neither party had made a good faith effort to comply with the court's discovery and omnibus orders. Consequently, the court sanctioned both parties by excluding their respective video evidence, and did not abuse its discretion in doing so.

¶24 **Issue 3:** *Whether the District Court erred in sentencing Couture as a PFO.*

¶25 Couture contends that the District Court imposed an illegal sentence when it sentenced him as a PFO to 40 years in MSP with 20 years suspended for a DUI offense. Couture maintains that under the DUI statutes, the maximum sentence for a person convicted of four or more DUI offenses is a 13-month commitment to the Department of Corrections followed by a term not to exceed five years in MSP.

¶26 While Couture recognizes that this Court determined in *State v. Damon*, 2005 MT 218, 328 Mont. 276, 119 P.3d 1194, that the PFO statute controls over a specific sentencing statute, he contends that this Court's decision in *State v. Brendal*, 2009 MT 236, 351 Mont. 395, 213 P.3d 448, effectively overruled *Damon*. Couture is mistaken. The issue before the court in *Brendal* was whether the sentencing court had the discretion to sentence Brendal under the Alternative Sentencing Authority (ASA) set forth in § 45-9-202, MCA, or whether the court had to sentence her in accordance with the PFO statutes since Brendal was a PFO.

¶27 This Court stated in *Brendal* that "the PFO statutes do not preclude a district court from providing an alternative sentence under the ASA statute for an individual *convicted*

7

*of a drug-related offense* in Title 45, chapter 9, provided the required criteria to impose an alternative sentence are satisfied." *Brendal*, ¶ 32 (emphasis added). Thus, our holding in *Brendal* was very narrow. It allows a sentencing court the discretion to choose between sentencing a repeat drug offender under the ASA or as a PFO. The Legislature has made a policy decision that a community-based alternative to imprisonment should be available to sentencing courts in limited circumstances in the case of repeat felony drug offenders. It has not made such a policy decision in the case of repeat felony DUI offenders because of the added danger to the community in DUI cases.

¶28 **Issue 4:** *Whether the District Court abused its discretion in denying Couture's Motion for a New Trial.*

¶29 We review a district court's denial of a motion for a new trial for an abuse of discretion. *State v. Thorp*, 2010 MT 92, ¶ 39, 356 Mont. 150, 231 P.3d 1096. In this case, Couture's argument that the State withheld evidence from him has no merit. Moreover, the State was not responsible for Couture's failure to comply with the District Court's discovery and omnibus orders. Since the District Court properly denied Couture's motion for a continuance and properly sanctioned Couture's discovery violation by precluding him from introducing his redacted video, and since Couture has failed to show that he was prejudiced by either ruling, the District Court did not abuse its discretion in denying Couture's Motion for New Trial.

**Conclusion**

8

¶30    We hold that the issues in this case are either ones of judicial discretion, and there clearly was not an abuse of discretion here, or legal issues that are controlled by settled Montana law which the District Court correctly interpreted.

¶31    Affirmed.

/S/ JAMES C. NELSON


We Concur:


/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE