

DA 07-0639

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 235

STATE OF MONTANA,

        Plaintiff and Appellant,

   v.

GREGORY HILTON NEUFELD,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 06-0053
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell, Assistant Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney; Ann Marie McKittrick, Deputy County Attorney, Billings, Montana

        For Appellee:

            Nancy G. Schwartz, Attorney at Law, Billings, Montana

            Submitted on Briefs:  October 29, 2008

                          Decided:  July 16, 2009

Filed:

          _____
                     Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Gregory Neufeld was charged in the District Court of the Thirteenth Judicial District, Yellowstone County, with the offense of sexual intercourse without consent. However, before trial on the sexual intercourse without consent charge in the District Court, he was indicted and convicted by his plea of guilty of the federal offenses of sexual exploitation of children in violation of 18 U.S.C. § 2251, and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), in the United States District Court for the District of Montana. As a result of his federal convictions, he was sentenced to 262 months in federal prison. Neufeld then moved to dismiss the Montana State charge claiming double jeopardy. The District Court granted his motion to dismiss. The State appeals.

¶2 The issue before this Court is whether § 46-11-504, MCA, bars Neufeld's prosecution on the Montana sexual intercourse without consent charge.

¶3 In 2002 or 2003, Neufeld began having sexual intercourse with then 13-year-old K.B. He was 28 years old at the time. The intercourse occurred intermittently until Neufeld joined the army in January of 2005. Neufeld videotaped himself having sexual intercourse with K.B. and he admitted that he would sometimes photograph K.B. in sexual poses or performing sexual acts.

¶4 Neufeld joined the army. He asked K.B. to retrieve and destroy the sexually explicit photographs he had left in storage. She destroyed some of the photographs but

2

kept others. When her father discovered the photographs she had kept, he contacted the police.

¶5 On January 19, 2006, the information charging Neufeld with sexual intercourse without consent was filed in the Montana District Court. That same day he was charged in federal court with violation of 18 U.S.C. § 2251, sexual exploitation of children, 18 U.S.C. § 2252A(a)(2), receipt of child pornography, and 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography.

¶6 In November 2006, Neufeld pled guilty to sexual exploitation of children and possession of child pornography in federal court. He was sentenced considering the federal sentencing guidelines. These guidelines prescribed a sentence between 121 and 151 months. However, his sentence was enhanced due to specific offense characteristics because K.B. was 12 but not yet 16 years of age and the offense involved the commission of a sexual act or sexual contact. The resulting sentencing range was 262-327 months. In May 2007, Neufeld was sentenced to 262 months in federal prison.

¶7 The Montana information charged Neufeld with sexual intercourse without consent committed in approximately 2002 or 2003 to 2004, alleging he had sexual intercourse with K.B. on numerous occasions as a continuing course of conduct.

¶8 After he was convicted in federal court, Neufeld moved to dismiss the Montana charge based on § 46-11-504(1), MCA, which reads in pertinent part:

> When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
> (1) the first prosecution resulted in an acquittal or in a conviction and the

subsequent prosecution is based on an offense arising out of the same transaction;

¶9 The District Court granted Neufeld's motion to dismiss, concluding that Neufeld's sexual conduct with the minor K.B. subjected him to prosecution for equivalent offenses in both the United States and Montana courts and both prosecutions were based on the same transaction.

¶10 A district court's decision to grant or deny a defendant's motion to dismiss a charge on the basis of double jeopardy presents a question of law that this Court reviews for correctness. *State v. Cech*, 2007 MT 184, ¶ 7, 338 Mont. 330, 167 P.3d 389.

¶11 We use a three-part test to determine whether a subsequent prosecution is barred under § 46-11-504(1), MCA, as follows:

> (1) a defendant's conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued;
> (2) the first prosecution resulted in an acquittal or a conviction; and
> (3) the subsequent prosecution is based on an offense arising out of the same transaction [as that term is defined in § 46-1-202(23), MCA].

*Cech*, ¶ 13 (quoting *State v. Tadewaldt*, 277 Mont. 261, 264, 922 P.2d 463, 465 (1996)).

¶12 All three factors must be met in order to bar subsequent prosecution. *State v. Gazda*, 2003 MT 350, ¶ 12, 318 Mont. 516, 82 P.3d 20.

¶13 In this case, factor one and factor three of the test announced in *Tadewalt* are at issue.

¶14 The first factor of the test is satisfied when both jurisdictions have authority to prosecute for the same conduct. *State v. Sword*, 229 Mont. 370, 373, 747 P.2d 206, 208 (1987). In order to demonstrate that jurisdiction existed in both courts, the same conduct

4

must subject a defendant to the possibility that he could be convicted of an "equivalent offense" in each jurisdiction. *Cech*, ¶ 17 (citing *Gazda*, ¶ 14). It is not necessary that a defendant be charged with identical offenses in both jurisdictions, only that his conduct constitute an equivalent offense in both jurisdictions. *Cech*, ¶ 18.

¶15    18 U.S.C. § 2251 defines Sexual Exploitation of Children:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

¶16    In the Montana District Court, Neufeld was charged with violating § 45-5-503, MCA, which reads: "(1) A person who knowingly has sexual intercourse without consent with another person commits the offense of sexual intercourse without consent." A person cannot consent to sexual intercourse if they are less than 16 years old. Section 45-5-501, MCA.

¶17    Although Neufeld was not charged with the identical offense in federal court as he was in state court, Montana sought to punish him for the same conduct he has already

5

been punished for in federal court. That is, in federal court Neufeld was convicted because he persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct. The prohibited conduct in this case necessarily included sexual intercourse with a minor, as well as creating a visual depiction of that conduct. Further, Neufeld's federal punishment was increased because his offense involved the commission of a sexual act or sexual contact. Montana sought to punish him for sexually explicit conduct which consisted of the same sexual contact with the same minor. In this instance, while the elements of the charges actually brought in the United States and Montana courts were not identical, under the facts of this case the offenses of sexual exploitation of children and sexual intercourse without consent are equivalent. *See Cech*, ¶ 18. Factor one of the test announced in *Tadewalt* is satisfied.

¶18 For purposes of factor three of the double jeopardy test announced in *Tadewalt*, the offenses charged in different jurisdictions must arise out of the same transaction. "Transaction" is defined in § 46-1-202(23), MCA, as:

> [C]onduct consisting of a series of acts or omissions that are motivated by: (a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective; or (b) a common purpose or plan that results in the repeated commission of the same offense or effect upon the same person or the property of the same person.

*See Gazda*, ¶ 20.

¶19 In this case, the charging documents in both the United States Court and the Montana District Court reference the same time and the same sexual conduct with the same victim. And, while the federal prosecution focused on pornography, both the

6

federal and the Montana charges included, as a part of the offense, sexual contact with K.B.

¶20 Neufeld was charged with equivalent offenses in both jurisdictions based upon engaging in sexual intercourse with the minor child K.B. while videotaping the activity. The crimes Neufeld was charged with are different, but the same conduct led to the equivalent charges. Offenses arise from the same transaction when a defendant's underlying conduct which gives rise to each prosecution is motivated by a purpose to accomplish the same criminal objective. *Gazda*, ¶ 20. In this case, Neufeld's criminal objective was to engage in sexual contact with a minor, and in addition he recorded that activity. His sexual contacts with that minor constitute a crime under both the Montana statute and the federal statutes.

¶21 The District Court did not err in concluding that the Montana prosecution is barred under § 46-11-504(1), MCA.

¶22 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS


Justice Jim Rice, concurring.

¶23 I agree with the Court's decision to affirm the District Court, but believe the Court's analysis is somewhat unclear. The Court states that "the prohibited conduct in

this case necessarily included sexual intercourse with a minor." *Opinion*, ¶ 17. However, the federal offense of Sexual Exploitation of Children does not "necessarily include" sexual intercourse. Under 18 U.S.C.A. § 2251, a person can commit that offense merely by displaying images of the genital or pubic area. The Montana offense of Sexual Intercourse without Consent requires "penetration of the vulva, anus, or mouth." Section 45-2-101, MCA. The Court states "the charging documents" reference the same sexual conduct, *Opinion*, ¶ 19, yet the federal indicting documents do not allege that Neufeld committed sexual intercourse or penetration.

¶24 Rather, at his federal sentencing hearing, Neufeld admitted to the court that he had engaged in a "sexual relationship" with K.B. when she was thirteen years old. The United States District Court therefore enhanced Neufeld's sentence because of this admitted sexual activity with a minor. Thus, it was the enhancement of Neufeld's sentence which triggered the double jeopardy protections under § 46-11-504, MCA, because at that point he was being punished for the same prohibited conduct for which he was charged in State Court. Therefore, though the federal and Montana offenses where different as originally charged, Neufeld's federal sentence incorporated the same prohibited conduct.

/S/ JIM RICE

8