DA 09-0306

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 93

JUSTIN DALE BECKER,

> Petitioner and Appellant,

v.

STATE OF MONTANA,

> Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 2006-144(B)
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Joslyn Hunt, Chief Appellate Defender, Jim Wheelis, Assistant Appellate
Defender, Helena, Montana

> For Appellee:

> Hon. Steve Bullock, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

> John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  March 10, 2010

Decided:  May 4, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Justin Dale Becker appeals from the denial of his petition for postconviction relief by the Eighth Judicial District Court, Cascade County.  We affirm.

¶2      We address the following issue:

¶3      *Did Becker's appellate counsel render ineffective assistance by failing to argue on direct appeal that Becker's constitutional trial right was violated by his absence from a critical stage of the trial?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      In December of 2001, Becker was tried on the charges of accountability for criminal production or manufacture of dangerous drugs, criminal possession of dangerous drugs, and criminal possession of precursors to dangerous drugs.  During trial, the District Court held a conference to settle the jury instructions.  The prosecutor, Becker, and Becker's counsel were present.

¶5      During jury deliberations, the jury sent a note to the judge, stating, "We, the jury, would like a definition for the term, 'possession' with respect to possession of precursors to dangerous drugs."  In response to the note, the District Court met with the prosecutor and Becker's counsel.  Becker was confined in jail and was not brought to the meeting. The District Court determined not to "instruct the jury any differently than how they had previously been instructed and referred them back to the original jury instruction" defining possession.  The court sent a written message to this effect, and did not meet

2

with the jury. Becker was found guilty of all three crimes and was given a twenty-five-year sentence by the District Court.

¶6 Becker appealed to this Court, claiming his trial counsel had been ineffective for failing to argue that his sentence violated Montana's double jeopardy statute. Becker did not argue that he was denied his constitutional right to be present during the meeting held in response to the jury question. We reversed Becker's conviction for criminal possession of dangerous drugs, concluding it violated Montana's double jeopardy statute, and remanded for resentencing for his convictions on the other two offenses. *State v. Becker*, 2005 MT 75, ¶ 25, 326 Mont. 364, 110 P.3d 1.

¶7 Becker then filed a self-represented petition for postconviction relief, raising six claims. The District Court appointed counsel for Becker, and he filed an amended petition raising an ineffective assistance of counsel claim regarding his appellate counsel's failure to raise the right to trial issue. Becker supported his petition with an affidavit by his appellate counsel acknowledging her failure to raise the issue:

> I am aware of Supreme Court authority that requires appellate counsel to raise the issue of whether [Becker's] absence from court proceedings amounts to structural error necessitating a new trial.
> I did not discuss this issue with Mr. Becker when representing him on appeal before the Montana Supreme Court.
> I had no tactical reason for failing to raise this issue on appeal.

At the postconviction hearing, the District Court acknowledged that Becker was not present at the meeting held in response to the jury question but denied the petition on the ground that Becker had not demonstrated that he had sustained any prejudice by his appellate counsel's failure to raise the issue. Becker appeals.

3

## STANDARD OF REVIEW

¶8    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We review claims for ineffective assistance of counsel, which present mixed questions of fact and law, de novo. *Whitlow*, ¶ 9. We exercise plenary review of constitutional questions, including alleged violations of a criminal defendant's right to be present at critical stages of the trial. *State v. Berosik*, 2009 MT 260, ¶ 27, 352 Mont. 16, 214 P.3d 776.

## DISCUSSION

¶9    *Did Becker's appellate counsel render ineffective assistance by failing to argue on direct appeal that Becker's constitutional trial right was violated by his absence from a critical stage of the trial?*

¶10    Becker acknowledges he waived the trial right issue in his direct appeal but argues that the waiver constituted ineffective assistance by his appellate counsel. Becker argues the District Court erred by denying his postconviction petition and asks this Court to reach the merits of his trial claim and reverse his convictions on the two remaining charges. The State argues that Becker failed to establish prejudice under the second prong of the *Strickland* test.

¶11    Criminal defendants possess a constitutional right to "effective" assistance of counsel, which can be violated if defense counsel fails "to render 'adequate legal assistance.' " *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063-64

4

(1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 1449 n. 14 (1970); *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716 (1980)). In determining whether counsel provided effective assistance, the *Strickland* Court adopted a two-prong analysis, which we follow. *See e.g. State v. Godfrey*, 2009 MT 60, ¶ 14, 349 Mont. 335, 203 P.3d 834; *DuBray v. State*, 2008 MT 121, ¶ 17, 342 Mont. 520, 182 P.3d 753; *Whitlow*, ¶ 10. Under the first prong, deficient performance is established when "counsel's performance fell short of the range of competence required of attorneys in criminal cases . . . ." *Godfrey*, ¶ 14; *see also Whitlow*, ¶¶ 14, 17. Under the second prong, the defendant must demonstrate prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Godfrey*, ¶ 14. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The *Strickland* prongs are conjunctive, and both prongs must be satisfied. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. Therefore, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069; *see also Whitlow*, ¶ 11. Here, we have determined to resolve the case under the prejudice prong, and turn to the substantive issue raised by Becker's ineffective

5

assistance claim, the right to be present at all critical stages of his trial, and the governing authority.

¶12 The United States Constitution protects a defendant's right to be present at trial under the Confrontation Clause of the Sixth Amendment and the Fourteenth Amendment's Due Process Clause. *State v. Matt*, 2008 MT 444, ¶ 16, 347 Mont. 530, 199 P.3d 244 (citing *Ill. v. Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 1058 (1970); *U.S. v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 1484 (1985) (per curiam)). The Montana Constitution provides similarly: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel." Mont. Const. art. II, § 24. The defendant's right to attend his trial not only "safeguard[s] the public's interest in a fair and orderly judicial system," but it also allows a defendant to personally "hear and see the proceedings and [to] participate in the presentation and preservation of his rights." *Matt*, ¶ 16.

¶13 When analyzing a defendant's right to be present, we first determine whether the proceeding at issue was a "critical stage" of the trial. *Matt*, ¶ 17; *Godfrey*, ¶ 25. A critical stage is any part of the proceeding where there is "potential for substantial prejudice to the defendant." *Matt*, ¶ 17 (quoting *Ranta v. State*, 1998 MT 95, ¶ 17, 288 Mont. 391, 958 P.2d 670). If the defendant was not present during a critical stage, we then determine whether the violation was harmless. *Matt*, ¶ 29; *Godfrey*, ¶ 25. The State must show the error was trial error, as opposed to structural error, and that there was "no reasonable possibility" that the violation prejudiced the defendant. *Matt*, ¶ 35.

6

¶14 Even assuming the meeting conducted in response to the jury question constituted a critical stage, we conclude that the prejudice necessary to sustain Becker's ineffectiveness claim has not been demonstrated. Becker's absence from the meeting would likely have been deemed trial error, as it did not consist of an error which "rendered the trial fundamentally unfair," such as a "biased judge" or a "jury-selection error." *Matt*, ¶ 43; *see Godfrey*, ¶ 32 (trial judge's response to jury questions in defendant's absence deemed to be trial error). The question would then become whether the error was harmless. *Matt*, ¶¶ 38, 44; *Godfrey*, ¶ 33. Becker was present with his counsel during settlement of the jury instructions. Though he was absent from the meeting held in response to the jury's question about the definition of "possession," the District Court merely referred the jury back to the instructions which had been previously given and settled in Becker's presence. We are not persuaded that there is a reasonable probability, had Becker's appellate counsel raised this issue on direct appeal, that the outcome of the appeal would have been any different, and thus, prejudice has not been demonstrated.

¶15 Accordingly, we affirm the District Court's denial of Becker's petition for postconviction relief.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART


Justice James C. Nelson, specially concurring.

¶16 I concur in the result of the Court's Opinion. However, I would not reach the second prong of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), *see* Opinion, ¶ 11, because Becker has failed to meet his burden under the first, most elemental prong. Specifically, Becker has failed to show that his appellate counsel's performance did not pass constitutional muster. He did not offer any evidence in the postconviction proceedings of prevailing professional norms as applied to his counsel's performance, nor did he demonstrate how his counsel's conduct fell below an objective standard of reasonableness measured under those norms and in light of the surrounding circumstances. *See Whitlow v. State,* 2008 MT 140, ¶¶ 20-21, 32-33, 36-40, 343 Mont. 90, 183 P.3d 861. Appellate counsel's gratuitously falling on his sword is self-serving and is insufficient to meet this standard.

¶17 I specially concur.

/S/ JAMES C. NELSON