CHIEF JUSTICE McGRATH,
specially concurring.
¶55 In general, I concur with the majority’s disposition of Main’s appeal. I write separately however, because I disagree that Main’s ineffective assistance of counsel (IAC) claim concerning trial counsel’s failure to object to Dr. Kemp’s testimony is better suited for postconviction relief proceedings. Opinion, ¶ 53. This IAC claim can be resolved on direct appeal; Main has failed to establish that counsel was deficient or that he was prejudiced by the lack of objection.
¶56 First, Main’s IAC claim is appropriate for direct appeal. An IAC claim that can be decided on the district court record is a record-based claim that must be raised on direct appeal. State v. Lindsey, 2011 MT 46, ¶ 43, 359 Mont. 362, 249 P.3d 491; State v. Meredith, 2010 MT 27, ¶ 51, 355 Mont. 148, 226 P.3d 571 (citin g Petition of Hans, 1998 MT 7, ¶ 42, 288 Mont. 168, 958 P.2d 1175). ‘The allegation that counsel failed to object to an alleged error in the district court is a record-based claim of ineffective assistance.” Lindsey, ¶ 43; Hagen v. State, 1999 MT 8, ¶¶ 19-20, 293 Mont. 60, 973 P.2d 233 (holding that IAC claim premised on counsel’s failure to object was procedurally barred in postconviction proceedings because it was record based and should have been brought on direct appeal). Unlike omissions that necessitate consideration of facts outside of the record, an alleged failure to object ‘is a fact easily documented by reviewing the record, and we have decided claims of this kind on direct appeal on numerous occasions .’’Hagen, ¶ 20 (citing State v. Campbell, 278 Mont. 236, 250, 924 P.2d 1304, 1313, (1996); State v. Bradley, 262 Mont. 194, 197-99, 864 P.2d 787, 789 (1993); State v. Schoffner, 248 Mont. 260, 268, 811 P.2d 548, 553 (1991); State v. Probert, 221 Mont. 476, 481, 719 P.2d 783, 786 (1986)); see Meredith, ¶¶ 48-59. In the case at hand, Main has raised an IAC claim based on trial counsel’s failure to object to Kemp’s testimony concerning alcohol consumption and blunt force trauma. This omission *491 is clearly documented in the record. Meredith, ¶ 52.
¶57 Second, turning to the substance of Main’s IAC claim, he fails to establish either prong of the Strickland test. As noted, there are two requirements for a defendant to establish an IAC claim: (1) counsel’s performance was deficient, and (2) the deficient performance prejudiced the defendant’s defense. Lindsey, ¶ 43; Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). “A defendant must meet both parts of the test to be entitled to relief, and an insufficient showing under one part obviates the need to even address the other.” Lindsey, ¶ 43 (citing Whitlow v. State, 2008 MT 140, ¶ 11, 343 Mont. 90, 183 P.3d 861).
¶58 The record reveals that trial counsel clearly chose not to object for tactical reasons. Counsel both knew the substance of Kemp’s testimony and relied upon it to buttress Main’s defense. In his opening statement, Main’s counsel explained that Kemp was going to present a “theory’ about the effects of a combination of intoxication and blunt force injuries. He contrasted this “theory”with Main’s expert, Bennett, who offered a medically-certain opinion that Kvelstad died of strangulation. During cross-examination, Main’s counsel challenged the basis of Kemp’s theory, and forced Kemp to concede that Kvelstad’s blunt force injuries were non-fatal. Subsequently, counsel elicited from Kemp a concession that Kvelstad would have died from ligature strangulation if he had been alive at the time the ligature was applied. In other words, counsel utilized Kemp’s testimony in a clear attempt to weaken the State’s case and strengthen Main’s. Finally, in his closing statement, counsel for Main once again contrasted Kemp’s “theory’ with Bennett’s medical certainty and pointed out Kemp’s concessions. The record here is sufficient to decide Main’s IAC claim, and there is no need to consult non-record based information to explain trial counsel’s tactics. State v. St. Germain, 2007 MT 28, ¶ 35, 336 Mont. 17, 153 P.3d 591.
¶59 Main argues that counsel’s performance was deficient because there was no strategic reason to allow Kemp’s testimony about the combination of intoxication and blunt force trauma. ‘The first prong carries a strong presumption in favor of the State, as counsel possesses a wide latitude in determining what tactics to employ when defending a client.” St. Germain, ¶ 33 (citing State v. Kougl, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095). It is the defendant’s burden to overcome that presumption. Whitlow, ¶ 21. As noted above, Main’s counsel did in fact have an obvious tactical purpose in allowing Kemp’s testimony. Without more, Main fails to show that his counsel’s performance ‘fell *492 below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances.” Whitlow, ¶ 21.
¶60 Main’s IAC claim also fails Strickland’s prejudice prong. Rather than kicking this issue down the road to postconviction proceedings, the Court could dispose of this IAC claim on the prejudice prong alone. When an alleged deficient performance “does not prejudice a defendant to the degree that the outcome of the trial is implicated, the claim may be dismissed without evaluating counsel’s performance.” State v. Harris, 2001 MT 231, ¶ 19, 306 Mont. 525, 36 P.3d 372 (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069). ‘If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.” Strickland, 466 U.S. at 697, 104 S. Ct. at 2069; accord Becker v. State, 2010 MT 93, ¶ 11, 356 Mont. 161, 232 P.3d 376. Disposal of IAC claims on the prejudice prong “ensure[s] that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.” Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. We would do well to heed the Supreme Court’s advice.
¶61 The majority’s focus on “why”counsel failed to object is irrelevant in a prejudice analysis. Opinion, ¶ 53. Although not required in this case, counsel’s rationale may be procedurally pertinent when addressing Strickland’s first prong. See State v. White, 2001 MT 149, ¶¶ 10-20, 306 Mont. 58, 30 P.3d 340. However, such an inquiry is unnecessary when addressing Strickland’s second prong. See Lindsey, ¶¶ 43-47; Becker, ¶ 11; State v. DeMary, 2003 MT 307, ¶¶ 27-30, 318 Mont. 200, 79 P.3d 817. The prejudice prong is unconcerned with “why” trial counsel acted or failed to act. Rather, the focus is on the effect of counsel’s action or inaction, i.e. whether “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Becker, ¶ 11 (quoting Strickland, 466 U.S. at 697, 104 S. Ct. at 2069). “ ‘A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ’’Becker, ¶ 11 (quoting, Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). Such is not the case here.
¶62 Assuming arguendo that counsel’s failure to object was deficient and the objection would have been sustained, Main still cannot establish a reasonable probability that the trial result would have been different. As the majority aptly points out, there was sufficient evidence in the record for a jury to find Main guilty beyond a *493 reasonable doubt. Opinion, ¶¶ 26-45. Importantly, there was sufficient evidence to convict Main in the absence of testimony concerning the combination of alcohol and blunt force trauma. Opinion, ¶¶ 39-45. In short, Main’s alleged error does not undermine confidence in the jury verdict, and he cannot establish that he was prejudiced.
¶63 There is no reason to relegate Main’s failure-to-object IAC claim to postconviction proceedings. Main has presented a record-based claim but has failed to show that counsel’s performance was deficient. Moreover, there is no reason to relegate an IAC issue to postconviction proceedings where Strickland’s prejudice prong is dispositive on direct appeal. This promotes timely resolution of IAC claims while a defendant is still represented by appellate counsel and avoids unnecessary grading of trial counsel’s performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. Sending this IAC claim to postconviction proceedings puts off until tomorrow what should have been resolved today.