DA 10-0055

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 228

SCOTT P. HEDDINGS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV-09-093
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender, Koan Mercer, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, Marvin Anderson, Deputy County
Attorney, Great Falls, Montana

               Submitted on Briefs:  April 26, 2011

                         Decided:  September 14, 2011

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Scott Heddings, a self-represented litigant, filed a Petition for Postconviction Relief in the District Court for the Eighth Judicial District, Cascade County, alleging that he was denied the effective assistance of counsel and that he was subjected to double jeopardy during the trial court proceedings that led to his conviction and sentence for the offense of incest.  The District Court denied Heddings' request for postconviction relief and dismissed his petition.  Heddings appealed and we affirm.

¶2     We address the following issue on appeal:  Whether the District Court correctly determined that Heddings was not denied the effective assistance of counsel.

**Factual and Procedural Background**

¶3     In September 2005, the State charged Heddings with one count of felony incest based on Heddings' sexual abuse of his stepdaughter during the summer of 2000.  During the course of the investigation on the incest charge, Heddings made incriminating statements about his possession of child pornography which, in turn, prompted a federal investigation.

¶4     In April 2006, while the State court incest charge was pending, Heddings was indicted and charged in federal court with receipt of child pornography, possession of child pornography, and destruction or removal of property to prevent seizure.  The indictment alleged that Heddings committed these offenses in 2004 and 2005.  On May 1, 2007, Heddings pled guilty in federal court to these charges, admitting that he possessed over 50,000 images of child pornography, and that after his arrest, he had instructed his wife to delete the computer files and destroy the DVDs containing these images.

¶5 A presentence investigative report was prepared in advance of Heddings' September 6, 2007 federal sentencing hearing. In the offense level computations under the federal sentencing guidelines, the federal probation officer recommended an increase of five levels in Heddings' sentence since Heddings had engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. This five-level increase would amount to an additional nine years added to Heddings' sentence.

¶6 At the federal sentencing proceedings, the federal court considered the fact that Heddings had been charged with incest in State court. The federal court sentenced Heddings to 240 months in federal prison for receipt of child pornography and lesser concurrent sentences for the remaining two charges.

¶7 Heddings pled guilty to the incest charge in State court on October 23, 2007. Pursuant to a plea agreement, the State recommended a sentence of 20 years commitment to the Department of Corrections with 16 years suspended. The District Court so ordered and stipulated that the sentence was to be served concurrently to Heddings' federal sentence.

¶8 Heddings challenged several of the conditions of his suspended sentence in an appeal to this Court. *State v. Heddings*, 2008 MT 402, 347 Mont. 169, 198 P.3d 242 (*Heddings I*). While we upheld the majority of the sentencing conditions, we reversed and remanded for clarification two of the conditions of Heddings' sentence. *Heddings I*, ¶¶ 22-23. Heddings did not challenge the State court prosecution and conviction on double jeopardy grounds in the District Court proceedings or on direct appeal to this Court.

3

¶9     On January 21, 2009, Heddings filed his Petition for Post Conviction Relief wherein he raised two claims.  First, he argued that he was subjected to double jeopardy because he was sentenced in State court for conduct that was used to enhance his federal sentence.  Second, he argued that his trial counsel was ineffective because counsel did not challenge the State court charges on double jeopardy grounds.  Along with his petition, Heddings submitted a supporting memorandum to which he attached an affidavit, the federal district court judgment, portions of the federal presentence investigative report, a partial transcript of the federal district court sentencing hearing and a partial transcript of the State court change-of-plea hearing.

¶10     Without conducting an evidentiary hearing, the District Court denied Heddings' Petition for Postconviction Relief on January 13, 2010.  The court concluded that Heddings' double jeopardy claim had no legal merit because the federal charge and the State charge were based on separate conduct.  The court also concluded that because Heddings' double jeopardy claim had no merit, it would have been frivolous for his counsel to raise that claim.  Consequently, the court determined that Heddings was not denied the effective assistance of counsel.

¶11     Heddings appealed the denial of his petition to this Court, filing both his opening brief and his reply to the State's brief without the benefit of counsel.  Thereafter, this Court determined that "extraordinary circumstances exist that require the appointment of counsel to prevent a miscarriage of justice" and that rebriefing of the appeal was necessary.  Consequently, the Court appointed the Office of the Appellate Defender to represent Heddings and to file supplemental appellate briefs on his behalf.

## Standard of Review

¶12 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Becker v. State*, 2010 MT 93, ¶ 8, 356 Mont. 161, 232 P.3d 376 (citing *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861). Ineffective assistance of counsel claims are mixed questions of law and fact that we review *de novo*. *Becker*, ¶ 8. A district court's denial of a defendant's motion to dismiss a criminal charge on double jeopardy grounds presents a question of law that we review for correctness. *State v. Maki*, 2008 MT 379, ¶ 9, 347 Mont. 24, 196 P.3d 1281 (citing *State v. Cech*, 2007 MT 184, ¶ 7, 338 Mont. 330, 167 P.3d 389).

## Discussion

¶13 *Whether the District Court correctly determined that Heddings was not denied the effective assistance of counsel.*

¶14 In his supplemental brief on appeal, Heddings argues that his State prosecution violated both § 46-11-504, MCA, and Article II, Section 25 of the Montana Constitution regarding double jeopardy. Thus, Heddings argues that the District Court erred in concluding that his trial counsel provided effective assistance when counsel failed to raise a double jeopardy objection to Heddings being prosecuted in State court for what he claims was the same conduct that was used to increase his sentence in federal court.

¶15 The State contends that Heddings' double jeopardy protections were not violated because the State court prosecution and the federal court prosecution were based on different transactions that occurred at different times and involved different victims.

Consequently, the State argues that the District Court correctly concluded that trial counsel did not provide ineffective assistance when counsel did not seek dismissal of Heddings' State court charge on double jeopardy grounds.

¶16 Both the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee individuals the right to the effective assistance of counsel in all criminal prosecutions. When we review ineffective assistance of counsel claims, we employ the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Ankeny*, 2010 MT 224, ¶ 52, 358 Mont. 32, 243 P.3d 391 (citing *State v. Gunderson*, 2010 MT 166, ¶ 67, 357 Mont. 142, 237 P.3d 74). The *Strickland* test requires that a defendant establish (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Ankeny*, ¶ 52. Because a defendant must satisfy both parts of the *Strickland* test to prevail on a claim of ineffective assistance of counsel, if a defendant makes an insufficient showing regarding one part of the test, there is no need for us to address the other part. *Ankeny*, ¶ 53.

¶17 As to the first part of the test, *Strickland* provides that "a reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and the defendant 'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Whitlow*, ¶ 21 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). As

6

to the second part of the test, we have stated that a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ankeny*, ¶ 54.

¶18 In his brief on appeal, Heddings correctly points out that both prongs of the *Strickland* analysis in this case depend on whether Heddings' double jeopardy claims have merit. If the double jeopardy claims are without merit, then Heddings' trial counsel could not be deemed to have provided ineffective assistance by failing to raise a double jeopardy objection to the District Court in an attempt to have the incest charge dismissed.

¶19 Heddings relies on our decisions in *State v. Tadewalt*, 277 Mont. 261, 922 P.2d 463 (1996), and *State v. Neufeld*, 2009 MT 235, 351 Mont. 389, 212 P.3d 1063, to argue that his State court prosecution was barred under § 46-11-504, MCA, because it arose out of the same transaction as the conduct for which he received an enhanced sentence in the federal court. However, Heddings' reliance on these two cases is unavailing.

¶20 Tadewaldt was charged in municipal court with a misdemeanor charge of driving under the influence of alcohol or drugs. Immediately after his arrest on the DUI charge, several pills were found in his possession and he was charged in district court with criminal possession of dangerous drugs, a felony. Tadewaldt pled guilty in municipal court to DUI and, after judgment was entered on that charge, he moved to dismiss the possession charge in district court on the basis that that offense arose out of the same transaction as the DUI offense, thus § 46-11-504, MCA, barred his subsequent prosecution on the possession charge. *Tadewaldt*, 277 Mont. 263-64, 922 P.2d at 464.

¶21    We analyzed the 1993 version of § 46-11-504, MCA, in *Tadewaldt* because Tadewaldt's offense was committed in August 1994.  At that time, § 46-11-504, MCA, provided:

> **Former prosecution in another jurisdiction.**  When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any other jurisdiction is a bar to a subsequent prosecution in this state under the same circumstances barring further prosecution in this state if:
> (1)  the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction; or
> (2)  the former prosecution was terminated, after the charge had been filed, by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and the acquittal, final order, or judgment necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted.

¶22    Based on the foregoing language in § 46-11-504(1), MCA (1993), we set forth the following three-part test in *Tadewaldt* to determine whether a subsequent prosecution was barred under the terms of the statute as it existed at that time:

> (1)  a defendant's conduct constitutes an offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued;
> (2)  the first prosecution resulted in an acquittal or a conviction; and
> (3)  the subsequent prosecution is based on an offense arising out of the same transaction.

*Tadewaldt*, 277 Mont. at 264, 922 P.2d at 465.[1]

---

[1] Section 46-11-504, MCA, was amended in 1997 after our decision in *Tadewaldt* was handed down.  *See* Laws of Montana, 1997, Ch. 162, § 1.  Section 46-11-504, MCA, now provides:

> **Former prosecution in another jurisdiction.**  When conduct constitutes an offense within the jurisdiction of any state or federal court, a

¶23 In addition, the phrase "same transaction" was defined in 46-1-202(22), MCA (1993) (now § 46-1-202(23), MCA), as

> conduct consisting of a series of acts or omissions that are motivated by:
>     (a)   a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective; or
>     (b)   a common purpose or plan that results in the repeated commission of the same offense or effect upon the same person or the property of the same person.

¶24 Heddings claims that the question under § 46-1-202(23)(a), MCA, is not whether the acts were the same or involved the same victims; the controlling question under our decision in *Neufeld* is whether "a defendant's underlying conduct which gives rise to each prosecution is motivated by a purpose to accomplish the same criminal objective." *Neufeld*, ¶ 20. Here, Heddings argues that obtaining depictions of children in sexually explicit conduct and sexually touching a child are motivated by the same unlawful sexual purpose and are, thus, within the definition of "same transaction" in § 46-1-202(23)(a),

---

> prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
>     (1)   the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction; or
>     (2)   the former prosecution was terminated, after the charge had been filed, by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and the acquittal, final order, or judgment necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted.

Under subsection (1) of this amended statute, a subsequent prosecution in Montana is barred if (a) a defendant's conduct constituted an offense within the jurisdiction of any state or federal court; (b) the other jurisdiction's prosecution resulted in an acquittal or a conviction; and (c) the subsequent Montana prosecution is based on an offense arising out of the same transaction.

9

MCA.  However, Heddings is construing the criminal objective in his case more broadly than did the Court in *Neufeld*.

¶25   Neufeld was charged in the district court for having sexual intercourse with a minor.  Before trial on that charge, he was indicted and convicted in federal court of the federal offenses of sexual exploitation of children and possessing child pornography based on his videotaping the sexual acts with the child.  After his conviction in federal court, Neufeld moved to dismiss the State charges based on § 46-11-504, MCA.  The district court granted his motion to dismiss and the State appealed.  *Neufeld*, ¶¶ 1-9.

¶26   This Court upheld the district court in *Neufeld* because the charging documents in both the federal court and the State court referenced the same time frame, the same sexual conduct, and the same victim.  And, while the federal prosecution focused on pornography, both the federal and State charges included, as a part of the offense, sexual contact with the same victim.  *Neufeld*, ¶¶ 19, 21.

¶27   Unlike *Neufeld*, the State and federal prosecutions in the case *sub judice* involved different victims, different offenses and different time periods.  In State court, Heddings pled guilty to incest committed against his stepdaughter in 2000, while in federal court, Heddings pled guilty to receipt and possession of child pornography and destruction of property, offenses that were committed in 2005.  In addition, Heddings' stepdaughter was not one of the identified victims of the child pornography offenses.

¶28   Nevertheless, Heddings suggests that the State and federal charges arose out of the same transaction because his receipt of pornographic depictions of young girls was incidental to, and motivated by, the same purpose as his incest conduct.  Contrary to his

10

contentions, however, Heddings' criminal objective in the incest charge was to sexually assault his stepdaughter, while his criminal objective in the pornography charges was to possess child pornography. Hence, the conduct and objectives are distinct, and the State charges and federal charges did not arise from the same transaction as defined in § 46-1-202(23)(a), MCA.

¶29 Heddings also challenges his State court conviction on Montana constitutional double jeopardy grounds on the basis that he was prosecuted in State court for what he claims was the same conduct that was used to increase his sentence in federal court. In denying Heddings' petition for postconviction relief, the District Court pointed out that both this Court and the United States Supreme Court expressly rejected the argument that sentence enhancement for conduct which is later the basis for another conviction constitutes double jeopardy.

¶30 In *Witte v. United States*, 515 U.S. 389, 115 S. Ct. 2199 (1995), the Supreme Court held that the Double Jeopardy Clause of the United States Constitution does not bar a prosecution for an offense when the underlying conduct of the offense was used to enhance the sentence in a prior prosecution. And, in *State v. Anderson*, 1998 MT 258, 291 Mont. 242, 967 P.2d 413 (*Anderson I*), we held that a defendant's conviction for a third offense DUI did not constitute double jeopardy when the underlying conduct for the DUI charge was considered at sentencing on a separate charge of operating a motor vehicle after having been declared a habitual traffic offender.

¶31 In his supplemental brief on appeal, Heddings maintained that *Anderson I* and *Witte* were not controlling in this case because both decisions exclusively considered the

11

Double Jeopardy Clause of the United States Constitution, thus they could not be used to interpret the double jeopardy protections set forth in the Montana Constitution. However, in his supplemental reply brief, Heddings withdrew his Montana constitutional double jeopardy claim based on this Court's holding in *State v. Anderson*, 2001 MT 188, 306 Mont. 243, 32 P.3d 750 (*Anderson II*), wherein this Court rejected the argument that *Anderson I* would have been decided differently under Montana constitutional double jeopardy analysis and this Court's decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312 (holding that the double jeopardy provision found in Article II, Section 25 of the Montana Constitution affords greater protection against multiple punishment than does the Fifth Amendment to the United States Constitution).

¶32   Heddings having withdrawn his objections to the District Court's reliance on *Witte* and *Anderson I,* we conclude that the District Court's determination that those two cases are controlling here is without error. We also conclude that Heddings' counsel cannot have provided ineffective assistance by failing to raise a double jeopardy objection when two of the controlling cases at the time held that double jeopardy does not bar a prosecution for an offense when the underlying conduct of the offense was used to enhance the sentence in a prior prosecution—exactly contrary to the argument Heddings attempts to make here.

¶33   In *Whitlow* we engaged in an exhaustive examination of the law underlying the performance prong of *Strickland*. *Whitlow*, ¶¶ 10-21. As we observed, our standard for evaluating counsel's performance for purposes of *Strickland* is reasonableness—the appropriate inquiry being whether counsel's conduct fell below an objective standard of

reasonableness measured under prevailing professional norms and in light of the surrounding circumstances. *Whitlow*, ¶ 20. Examined through this lens, a claim of constitutionally ineffective assistance of counsel will not succeed when predicated upon counsel's failure to make motions or objections which, under the circumstances, would have been frivolous, which would have been, arguably, without procedural or substantive merit, or which, otherwise, would likely not have changed the outcome of the proceeding. While not phrased in precisely this fashion, that, nevertheless, has been and remains the principle of law to which this Court adheres. *See e.g. State v. Hildreth*, 267 Mont. 423, 432-33, 884 P.2d 771, 777 (1994); *State v. Maki*, 2004 MT 226, ¶¶ 10-12, 322 Mont. 420, 97 P.3d 556; *State v. Frasure*, 2004 MT 305, ¶ 12, 323 Mont. 479, 100 P.3d 1013; *Adams v. State*, 2007 MT 35, ¶ 37, 336 Mont. 63, 153 P.3d 601; *Foston v. State*, 2010 MT 281, ¶ 13, 358 Mont. 469, 245 P. 3d 1103.

## Conclusion

¶34 Under this standard of review, we hold that the failure of Heddings' trial counsel to move for the dismissal of the State incest charge on double jeopardy grounds did not constitute ineffective assistance since the motion lacked merit and would not have changed the outcome of the proceedings. Accordingly, we affirm the decision of the District Court.

¶35 Affirmed.

/S/ JAMES C. NELSON

We Concur:

13

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE