

DA 11-0444

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 172

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RALPH LEON FOX,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-07-012(B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Colin M. Stephens, Jordan Kilby, Smith & Stephens, P.C.,
Missoula, Montana

For Appellee:

Steve Bullock, Montana Attorney General, Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

Ed Corrigan, Flathead County Attorney, Travis Ahner, Lori Adams,
Deputy County Attorneys, Kalispell, Montana

Submitted on Briefs: June 12, 2012

Decided: August 10, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      In January 2007, Ralph Fox was charged in the Montana Eleventh Judicial District Court with two counts of felony sexual assault against minor females, CS (Count I) and HS (Count II).  In July 2007, a federal grand jury handed down an indictment in the United States District Court charging Fox with three felony offenses:  sexual exploitation of children, receipt of child pornography and possession of child pornography.  Fox was convicted of all charges, and in October 2008, he was sentenced to federal prison for 110 years.  Subsequently, Fox moved to dismiss the State action against him on the ground of double jeopardy.

¶2      The District Court dismissed one count of sexual assault against Fox, and he was convicted of the remaining count.  Nevertheless, the court sentenced Fox to two fifty-year sentences—one for each count of sexual assault—and five years for failing to register as a sex offender.  The fifty-year sentences were to run concurrently with each other and with the federal sentence.  The five-year sentence was to run consecutively to the fifty-year sentences for assault but concurrently with the federal sentence.  Fox appeals, arguing the District Court erred when it sentenced him to a term of fifty years for the dismissed assault charge.  He also claims the court erred when it denied his motion to dismiss the remaining assault charge.  We affirm in part and remand in part.

**ISSUE**

¶3      A restatement of the issues on appeal is:

¶4      Did the District Court illegally sentence Fox to fifty years for a dismissed sexual assault charge?

2

¶5 Did the District Court err in denying Fox's motion to dismiss the remaining sexual assault count?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6 Following an approximate eleven-year incarceration in California after being convicted of committing lewd and lascivious acts upon a seven-year-old female, Fox was discharged in July 1996 and, shortly thereafter, he and his wife moved to Flathead County, Montana. Fox did not register as a sexual offender as required by law.

¶7 Fox met the children involved in this case at some time between mid-2004 and early 2005, and quickly ingratiated himself with the family. CS and HS's parents, who met Fox through a trusted friend and childcare provider, believed that Fox had been physically abused as a child and, as a result, was childlike with the mentality of a fourteen-year old. They allowed their daughters to spend time with him and his wife at Fox's home and on outings away from home. The parents frequently were not present during these visits.

¶8 The record reflects that during 2005 and 2006, while HS was between six and eight years old, Fox showed her pornographic images of children on his computer. Additionally, he took photographs of her in various stages of undress and while nude. Fox instructed HS not to tell anyone about the pictures. When the girls were questioned by their mother in early January 2007, HS told her mother about the computer pictures, the photographs Fox had taken of her, and the physical contact she had with Fox. She described performing oral sex on Fox and Fox kissing her on her lips and rubbing his finger "through her privates."

3

¶9 CS, who was 10 when she met Fox, told her mother that on numerous occasions Fox had squeezed, patted and slapped her buttocks outside of her clothing and that he had "cupped her naked breasts with his hands." She also revealed that he had shown her pornographic pictures of children on his computer and encouraged her to pose the way the children in the pictures posed. The girls' mother immediately contacted Flathead County law enforcement. The Flathead County Sheriff's Department arrested Fox on January 5, 2007, and charged him with two counts of felony sexual assault—one count for assault of CS, and one for assault of HS. In a separate criminal action, Fox was charged with failure to register as a sex offender. Fox was appointed defense counsel and at arraignment on January 25, 2007, Fox entered a plea of not guilty to both counts of sexual assault.

¶10 On July 19, 2007, a federal grand jury in Montana handed down a three-count indictment charging Fox with sexual exploitation of children, and receipt and possession of child pornography. Following a March 10, 2008 bench trial, Fox was found guilty of all counts. On October 3, 2008, Fox was sentenced to fifty years on the exploitation charge, forty years for receipt of child pornography, and twenty years for possession of child pornography. These sentences were ordered to run consecutively and totaled 110 years in federal prison.

¶11 On January 29, 2009, Fox moved to dismiss his State criminal charges. He argued that the federal prosecution involved the same victims and the same conduct; therefore, § 46-11-504, MCA, the "double jeopardy statute," barred State prosecution for the same offenses. Initially, the District Court denied Fox's motion to dismiss. Fox promptly filed

4

a correction and clarification of his position. He also changed his plea and entered into a plea agreement whereby he pled guilty to the failure to register charge and to Count II, the sexual assault charge pertaining to HS. He pled guilty by way of an *Alford* plea[1] to sexual assault against CS.

¶12 After reviewing Fox's clarification of position, the District Court concluded the federal exploitation conviction paralleled the State sexual assault charge involving HS, raising double jeopardy concerns. The court therefore dismissed Count II. However, the District Court concluded that the federal exploitation charge did not arise out of any transaction involving CS. The District Court therefore denied Fox's request to dismiss the sexual assault charge pertaining to CS. Fox subsequently moved to withdraw his guilty pleas.

¶13 Before ruling on Fox's motion to withdraw his guilty pleas, the District Court conducted a hearing, issued judgment and pronounced sentence. In its February 1, 2010 Judgment and Sentence, the District Court sentenced Fox to fifty years for Count I, fifty years for Count II, and five years for failing to register. The fifty-year sentences were to run concurrently with each other and with the federal sentence. The five-year sentence was to run consecutively to the fifty-year sentences and concurrently with the federal sentence. As a result, Fox was sentenced to serve fifty-five years in State prison followed by the remainder of his federal sentence to be served in a federal facility.

---

[1] An *Alford* plea is a guilty plea entered into by a defendant in connection with a plea bargain, without actually admitting guilt. *North Carolina v. Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 166 (1970); *Black's Law Dictionary* 71 (Bryan A. Garner ed., 7th ed., West 1999).

¶14 Fox appeals the District Court's judgment and sentence. He argues that the District Court erred by not dismissing Count I. He maintains that the charges in Count I were incorporated into his federal charges and therefore jeopardy had attached with the federal conviction and the State charges should have been dismissed. Fox also asserts that the District Court pronounced an illegal sentence when it sentenced him to fifty years for Count II which the court had previously dismissed.

## STANDARD OF REVIEW

¶15 We review criminal sentences longer than one year for legality only. *State v. Holt*, 2011 MT 42, ¶ 7, 359 Mont. 308, 249 P.3d 470. The Court reviews the denial of a motion to dismiss in criminal cases de novo to determine whether the district court's conclusions of law are correct. *State v. Sidmore,* 286 Mont. 218, 223, 951 P.2d 558, 562 (1997).

## DISCUSSION

¶16 *Did the District Court illegally sentence Fox to fifty years for a dismissed sexual assault charge?*

¶17 In its October 19, 2009 Order and Rationale on Reconsideration of Motion to Dismiss, the court, relying upon *State v. Neufeld*, 2009 MT 235, 351 Mont. 389, 212 P.3d 1063, indisputably dismissed Count II. The District Court therefore erred in imposing a sentence on this dismissed criminal charge. Accordingly, we remand to the District Court for correction of the illegal provision. *State v. Heafner,* 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087 ([W]hen a portion of a sentence is illegal, [this Court will] remand to the district court to correct the illegal provision.").

6

¶18    *Did the District Court err in denying Fox's motion to dismiss the remaining sexual assault count?*

¶19    Fox argues that because he was convicted in federal court of sexual exploitation of children and possession of child pornography, jeopardy attached as a result of his federal conviction, and the State could not prosecute him under § 46-11-504, MCA, for the same behavior.   Section 46-11-504, MCA, provides, in relevant part:

> When conduct constitutes an offense within the jurisdiction of any state or federal court, a prosecution in any jurisdiction is a bar to a subsequent prosecution in this state if:
>       (1) the first prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction. . . .

Thus, under this statute, Fox's State prosecution is barred if:

(1) his conduct constitutes an offense within the federal jurisdiction where his first prosecution occurred *and* it constitutes an offense in the State jurisdiction where his second prosecution was pursued;

(2) he was convicted or acquitted in the federal prosecution; and

(3) his State prosecution is based on an offense arising out of the same transaction.

*See State v. Tadewaldt*, 277 Mont. 261, 922 P.2d 463 (1996), *superseded by statute as stated in Heddings v. State*, 2011 MT 228, 362 Mont. 90, 265 P.3d 600.  All three factors must be met for the statute to operate as a bar to a subsequent prosecution.  Clearly the second factor of the test is met as it is undisputed that Fox was convicted in the federal prosecution.  We therefore focus our analysis on the remaining factors and on the case upon which both parties rely, *Neufeld*.

¶20    In *Neufeld*, Neufeld, age 28, was charged in State court with the offense of sexual intercourse without consent with a thirteen-year-old female.   Before his State trial

7

commenced, Neufeld was indicted and convicted by guilty plea of the federal offense of sexual exploitation of children. He was sentenced to 262 months in federal prison. *Neufeld*, ¶ 1. The sentencing guidelines prescribed a sentence between 121 and 151 months but allowed for an enhanced sentence because the victim was between twelve and sixteen years old at the time. *Neufeld*, ¶ 6. Neufeld subsequently moved to have his State charges dismissed on the ground of double jeopardy. The District Court granted the motion and the State appealed. *Neufeld,* ¶ 1. The question before this Court on appeal was whether § 46-11-504, MCA, barred Neufeld's prosecution on the State sexual intercourse without consent charge. *Neufeld*, ¶ 2.

¶21 Analyzing the case under the three-factor test set forth in *Tadewaldt*, we stated:

> The first factor of the test is satisfied when both jurisdictions have authority to prosecute for the same conduct. In order to demonstrate that jurisdiction existed in both courts, the same conduct must subject a defendant to the possibility that he could be convicted of an "equivalent offense" in each jurisdiction. It is not necessary that a defendant be charged with identical offenses in both jurisdictions, only that his conduct constitute an equivalent offense in both jurisdictions.

*Neufeld*, ¶ 14. (Internal citations omitted.)

¶22 The *Neufeld* Court also noted the statutory definition of "same transaction" as used in the third factor of the *Tadewaldt* test. "Same transaction" is defined in § 46-1-202(23), MCA, as:

> [C]onduct consisting of a series of acts or omissions that are motivated by:
> (a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective; or
> (b) a common purpose or plan that results in the repeated commission of the same offense or effect upon the same person or the property of the same person.

¶23   After analyzing the legal definitions of sexual exploitation of children and sexual intercourse without consent, we determined that the State's prosecution of Neufeld was barred because the State sought to punish Neufeld for the "same sexual contact with the same minor" for which he had been punished in federal court. *Neufeld*, ¶ 17. We also noted that the charging documents in both the federal court and the state court referenced "the same time and the same sexual conduct with the same victim." *Neufeld*, ¶ 19.

¶24   On the basis of *Neufeld*, Fox argues that the federal charge of sexual exploitation of children is equivalent to the charge of sexual assault, and that the State charges are therefore barred under § 46-11-504, MCA. Fox seeks to downplay *Neufeld's* continued reference to the "same minor" or "same victim" by arguing that his conduct against CS and HS was the same; therefore, he posits, conviction and punishment of that conduct in federal court as it pertained to HS insulated him from conviction and punishment for the same conduct against CS in State court. He maintains that his sexual conduct with HS and CS involved taking photographs of both girls, touching them inappropriately and showing them pornographic and sexually explicit photographs of children. While he acknowledges that "HS is the victim in the federal case, the charges in the federal case include the same conduct that Fox engaged in with both sisters." He therefore asserts that both the federal and state courts had jurisdiction over the offenses and that his conviction in federal court arose from the same transaction as his conviction in State court.

¶25   The State counters that while the charge against Fox for sexual exploitation of HS in federal court may be equivalent to the State's initial charge against Fox for sexual assault of HS, it is *not* equivalent to the sexual assault charge against CS. The State notes

9

that the District Court dismissed the sexual assault charge as it pertained to HS because Fox had been convicted and punished in federal court for the same conduct. The State correctly observes, however, that "the only jurisdiction to ever charge Fox with an offense based on his conduct toward [CS] is the State of Montana."

¶26 We conclude Fox has not satisfied the third factor of the *Tadewaldt* test. As noted above, the same transaction consists of "a common purpose or plan that results in the repeated commission of the same offense . . . upon the same person." Section 46-1-202(23), MCA. The transactions upon which Fox was convicted in federal court involved HS and HS only. The State charges of which Fox was convicted involved CS and CS only. Therefore, the two prosecutions did not cover "the same time and the same sexual conduct with the same victim," as was the case in *Neufeld*. *Neufeld*, ¶ 17. Because the third factor of the *Tadewaldt* test has not been met, Fox's federal prosecution interposes no bar to the State's prosecution of Fox for his conduct toward CS.

## CONCLUSION

¶27 For the foregoing reasons, we remand this matter to the District Court for correction of the illegally-imposed sentence pertaining to Count II. We affirm the District Court's denial of Fox's motion to dismiss Count I.

/S/ PATRICIA COTTER

10

We concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER