NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL GERARD LACEY, | No. 19-36033 |
| Petitioner-Appellant, | D.C. No. 1:17-cv-00116-SPW |
| v. | |
| BRIAN GOOTKIN, Director of Montana Department of Corrections; AUSTIN KNUDSEN, Montana Attorney General, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 13, 2021**
Seattle, Washington

Before: EBEL,*** BEA, and VANDYKE, Circuit Judges.

Prisoner Daniel Lacey appeals the district court's denial of his habeas petition

alleging ineffective assistance of counsel. We have jurisdiction under 28 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

§§ 1291 and 2253(a) and review a district court's denial of a habeas petition de novo. *Bradford v. Davis*, 923 F.3d 599, 609 (9th Cir. 2019). We affirm.

This court granted a certificate of appealability on one issue: "whether counsel provided ineffective assistance, including whether counsel should have raised a challenge based on Montana's double jeopardy law at trial and on appeal." Lacey argues that his trial and appellate counsel were ineffective because they "fail[ed] to challenge his state prosecution as violative of Montana's multiple prosecution statute, Mont. Code Ann. § 46-11-504." Lacey points to a similarly-situated criminal defendant who successfully argued to the Montana Supreme Court that his state and federal sex crime convictions constituted a double jeopardy violation in *State v. Neufeld*, 212 P.3d 1063 (Mont. 2009), a case decided three months after Lacey's direct appeal concluded.

Habeas petitions bringing claims adjudicated on the merits in state court may not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). AEDPA stops just "short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," *Varghese v. Uribe*, 736 F.3d 817, 823 (9th Cir. 2013) (citation omitted), and we are bound by "a state court's interpretation of state law." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). We are doubly deferential when reviewing ineffective assistance of counsel claims under

*Strickland v. Washington*, 466 U.S. 668 (1984), and must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance" and that the defendant suffered prejudice as a result. *Id.* at 690, 694–95.

Lacey's counsel cannot be found ineffective for failing to argue a theory that had not been developed at the time of adjudication. Lawyers are "[]not … required to anticipate" future changes in the law, but rather under *Strickland* are evaluated "as of the time of [their] conduct." *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). The failure to predict future changes in the law cannot be considered ineffective assistance. *See United States v. Chambers*, 918 F.2d 1455, 1461 (9th Cir. 1990).

Lacey claims that his trial and appellate counsel should have familiarized themselves with the Montana double jeopardy caselaw and "should have foreseen" the successful double jeopardy argument made in *Neufeld*. But on state postconviction review, the Montana Supreme Court determined that Lacey's counsel were not ineffective for failing to raise a double jeopardy argument because "*Neufeld* was a significant departure from [Montana's] prior jurisprudence" such that "it was not unreasonable for counsel to think Montana law provided a different outcome before *Neufeld* was decided." *Lacey v. State*, 389 P.3d 233, 242 (Mont. 2017).

3

We cannot disregard the Montana Supreme Court's determination that *Neufeld* was a significant departure from prior state jurisprudence. *Bradshaw*, 546 U.S. at 76; *see also Babb v. Lozowsky*, 719 F.3d 1019, 1029 (9th Cir. 2013) (acknowledging the Nevada Supreme Court as having "the ultimate authority" to characterize whether its caselaw "was a change in, rather than a clarification of," current state law), *overruled on other grounds by White v. Woodall*, 572 U.S. 415, 1021 (2014). The Montana Supreme Court's determination of its own laws is beyond the purview of this court's habeas review because "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Even were we to find error in that determination, we may not grant habeas relief for perceived errors of state law. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Counsel's failure to make the arguments later successfully advanced in *Neufeld* is not grounds for a claim that his counsel rendered ineffective assistance of counsel. Lacey has thus failed to meet his burden under *Strickland*.

**AFFIRMED**.

4