FILED

11/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0092

DA 21-0092

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 226

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL DUNNE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC 2020-7
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, James Reavis, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Christine Hutchison,
Assistant Attorney General, Helena, Montana

          Steve Haddon, Jefferson County Attorney, Andrew Paul, Chief Deputy
County Attorney, Boulder, Montana

Submitted on Briefs:  August 17, 2022

Decided:  November 9, 2022

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Defendant Michael Jacob Dunne appeals the November 13, 2020 Order denying his motion to allow withdrawal of his guilty plea and dismiss the matter on double jeopardy grounds pursuant to § 45-11-504, MCA, by the Fifth Judicial District Court, Jefferson County. We address:

1. *Whether the District Court erred by holding that Dunne's conviction of criminal endangerment in Gallatin County did not bar a prosecution for criminal endangerment and criminal mischief in Jefferson County.*

2. *Whether the District Court erred by denying Dunne's motion to withdraw his guilty plea.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On January 23, 2020, a Bozeman police officer attempted to pull Dunne over for expired registration tags on his car.  Dunne refused to pull over and fled onto Interstate 90, leading law enforcement officers on an over two-hour, high-speed pursuit through Gallatin, Broadwater, and Jefferson Counties.   During the high-speed chase, Dunne called the Gallatin County Dispatch Center, telling dispatchers he would not stop until he had driven his girlfriend to Butte.  While driving through Gallatin County, Dunne crossed the interstate median into oncoming traffic on two separate occasions, passing at least twelve oncoming vehicles at highway speeds.  Several of these vehicles were forced into the ditch to avoid crashing into him.

¶3     Dunne continued to flee law enforcement officers through Broadwater County and into Jefferson County.  While in Jefferson County, Dunne once again crossed the interstate into oncoming traffic.  This time, Dunne passed thirty-three vehicles at highway speeds,

2

drove through state-owned fences at three different points, and drove through a privately owned fence once. Two and a half hours later, Dunne drove into a snowbank and was arrested.

¶4 On February 3, 2020, Jefferson County charged Dunne with one count of criminal endangerment, one count of fleeing from or eluding a peace officer, and two counts of criminal mischief. On March 24, 2020, Gallatin County charged Dunne with one count of criminal endangerment and one count of fleeing from or eluding a peace officer. On May 20, 2020, Dunne pled guilty to the Jefferson County charges. On August 27, 2020, before the District Court sentenced Dunne in Jefferson County, Dunne pled guilty and was sentenced on the Gallatin County charges.

¶5 On September 11, 2020, Dunne moved to withdraw his guilty plea and to dismiss the Jefferson County charges, contending they violated his right to be free from double jeopardy pursuant to § 45-11-504, MCA. The State responded that the charges did not violate the prohibition on double jeopardy, and good cause did not exist to allow Dunne to withdraw his guilty plea.

¶6 The District Court held the fleeing from or eluding a peace officer charge violated § 45-11-504, MCA, in part because "the charges were based upon the same conduct by Dunne." The District Court held the criminal endangerment and criminal mischief charges did not violate § 45-11-504, MCA, because they were not equivalent offenses and did not arise from the same transaction as they involved "separate victims who were victimized *at different times in different places*." (Emphasis in original.) The District Court allowed Dunne to withdraw his guilty plea as to the fleeing from or eluding a peace officer charge

3

and dismissed that count. The District Court denied Dunne's motion as it pertained to the criminal endangerment and criminal mischief charges.

## STANDARDS OF REVIEW

¶7 This Court reviews a trial court's decision to grant or deny a motion to dismiss based on statutory double jeopardy grounds de novo. *State v. Burton*, 2017 MT 306, ¶ 10, 389 Mont. 499, 407 P.3d 280. For the denial of a motion to withdraw a guilty plea, we review a district court's findings of facts to determine if they are clearly erroneous and conclusions of law for correctness. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254.

## DISCUSSION

1. *Whether the District Court erred by holding that Dunne's conviction of criminal endangerment in Gallatin County did not bar a prosecution for criminal endangerment and criminal mischief in Jefferson County.*

¶8 Sections 46-11-503 through 505, MCA, protect against multiple prosecutions in certain instances. "Although the statutes do not employ terminology associated with constitutional double jeopardy jurisprudence, they are commonly referred to as 'statutory double jeopardy' provisions." *Burton*, ¶ 20 (internal citation omitted). One double jeopardy statute bars a state prosecution if that prosecution is based on an offense arising out of the same transaction as a conviction or acquittal from another jurisdiction. Section 46-11-504(1), MCA. We apply a three-part test derived from § 45-11-504(1), MCA, to determine whether a prosecution is barred.

(1) The defendant's conduct must constitute an equivalent offense within the jurisdiction of the court where the first prosecution occurred and within the jurisdiction of the court where the subsequent prosecution is pursued;

4

(2) The first prosecution must result in an acquittal or a conviction; and

(3) The subsequent prosecution must be based on an offense arising out of the same transaction.

*Burton*, ¶ 25.

¶9 There is no dispute in this case that the first two factors are satisfied.[1] The dispositive issue is whether the Jefferson County charges of criminal endangerment and criminal mischief arise from the same transaction as the Gallatin County charges. The term "same transaction" means "a series of acts or omissions that are motivated by a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective." Section 46-1-202(23)(a), MCA. "Whether two offenses arise from the same transaction or involve the same criminal objective does not depend on the elements of the charged offenses, but rather on the defendant's underlying conduct and purpose in engaging in that conduct." *State v. Glass*, 2017 MT 128, ¶ 12, 387 Mont. 471, 395 P.3d 469.

¶10 Dunne argues that the District Court erroneously considered the victims in Jefferson and Gallatin Counties because this Court does not consider any victim element when determining whether charges arise out of the same transaction, and this analysis is particularly inappropriate when analyzing criminal endangerment charges because criminal endangerment is a victimless crime. Dunne further asserts his underlying conduct in each county, with or without victims, is hardly material because all his conduct was

---

[1] While the State argues that Dunne waived his argument that the charges constitute an "equivalent offense," it does not disagree with the merits of Dunne's argument.

5

motivated by the same criminal objective—to drive his girlfriend to Butte—so his conduct arose from the same transaction.

¶11 We have never construed a defendant's criminal objective to cover all types of conduct, no matter its disparity. *See Heddings v. State*, 2011 MT 288, ¶¶ 24-28, 362 Mont. 90, 265 P.3d 600; s*ee also Burton*, ¶ 34 (recognizing that separate crimes that occur near each other do not necessarily have a common purpose or objective, "[o]therwise, all crimes committed around the same time would constitute the same transaction"). Rather, we review the defendant's conduct along with his criminal objective, stated or not, to determine whether charges stem from the same transaction. *Glass*, ¶ 12; *State v. Gazda*, 2003 MT 350, ¶ 21, 318 Mont. 516, 82 P.3d 20 (stating the same transaction factor is "not met when conduct charged in a subsequent prosecution is distinct from conduct charged in the initial prosecution").

¶12 This Court has repeatedly held that when a defendant's conduct involves different people, in different locations, at different times, the conduct is distinct from each other and does not arise out of the same transaction. *See, e.g., Heddings*, ¶¶ 27-28 (holding the charges did not arise out of the same transaction because the charges involved different victims at different time periods); *State v. Fox*, 2012 MT 172, ¶¶ 24-26, 366 Mont. 10, 285 P.3d 454 (holding the charges did not arise out of the same transaction because the charges involved different victims); *Burton*, ¶¶ 33-35 (same).

¶13 In this case, as in *Fox*, *Heddings*, and *Burton*, Dunne's conduct in each county involved different victims, in different locations, at different time periods. *See Heddings*, ¶¶ 27-28; *Fox*, ¶¶ 24-26; *Burton*, ¶¶ 33-35. While driving in Gallatin County, Dunne

6

endangered twelve drivers. Then two counties away in Jefferson County, Dunne endangered thirty-three different drivers and destroyed property in multiple places. Gallatin and Jefferson Counties based their respective charges on Dunne's separate conduct in each county. The Jefferson County charges were based on distinct and separate conduct that did not arise from the same transaction as the Gallatin County charges. Dunne's right to be free from double jeopardy pursuant to § 45-11-504, MCA, was not violated.

*2. Whether the District Court erred by denying Dunne's motion to withdraw his guilty plea.*

¶14 Dunne argues there was good cause to withdraw his guilty plea as to all three charges because the District Court withdrew his guilty plea and dismissed the charge of fleeing from or eluding a peace officer on the basis that it violated the prohibition against double jeopardy. Dunne argues: "If the violation of [his] right to be free from double jeopardy provided good cause for that [fleeing from or eluding a peace officer] charge, it follows that good cause exists to allow withdrawal of a guilty plea for the others, if [his] rights were violated there as well." The operative word in Dunne's argument is "if." We have held that Dunne's right to be free from double jeopardy was not violated as it pertains to the criminal endangerment and criminal mischief charges. It therefore does not follow that good cause exists to allow withdrawal of Dunne's guilty plea as to those charges. The District Court did not err when it denied Dunne's motion to withdraw his guilty plea as to the criminal endangerment and criminal mischief charges.

**CONCLUSION**

¶15    The District Court did not err by denying Dunne's motion to withdraw his guilty plea and dismiss the criminal endangerment and criminal mischief charges in Jefferson County.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

8